**E-FILED**
Thursday, 11 June, 2009  12:04:26 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICHARD SMEGO,

       Plaintiff,

                               08-3142

CAROL ADAMS et al.,

       Defendants.

**<u>Case Management Order</u>**

Before the court are several pending motions, addressed in turn below.

*Defendant Vance's Motion to Dismiss*

This case is about the plaintiff's lack of dental treatment for his serious dental needs. Defendant Vance, the former health care administrator at Rushville Treatment and Detention Center, has moved to dismiss, arguing that there are no allegations which suggest that she was personally responsible for the lack of dental care.

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, the factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." *Id.*, *quoting Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14. "Although this does 'not require heightened fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007), *quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009), *citing Twombly*, 127 S.Ct. 1955.  Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." *Id*. at 1951.

Vance cannot be held liable for the constitutional violations of others.  She is only liable for her own constitutional violations. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th

1

Cir. 2001)("The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights."); *Burks v. Raemisch,* 555 F.3d 592, 593 (7th Cir. 2009)("The assumption underlying this choice of defendants-that anyone who knew or should have known of his eye condition, and everyone higher up the bureaucratic chain, must be liable-is a bad one. Section 1983 does not establish a system of vicarious responsibility.").

The plaintiff names Vance only in the caption–there are no allegations regarding her in the body of the Complaint.  Nor do the allegations give rise to an inference that she was personally involved for the alleged constitutional violations.  Neither does the plaintiff's response identify any factual basis for holding Vance personally responsible for the lack of dental care.  It appears that the plaintiff seeks to hold Vance liable simply because of her position as health care administrator.  As discussed above, vicarious or respondeat superior liability is not available for constitutional claims.  Accordingly, Vance will be dismissed, but without prejudice to the plaintiff's refiling an amended statement that gives fair notice of his claim against Vance.

*Motion to Compel and Motion to Dismiss for Lack of Prosecution*

The defendants move to compel responses to their discovery requests and move to dismiss the case for the plaintiff's failure to respond to those requests.  The plaintiff asks for more time, asserting that he has been unable to obtain the documents he needs to respond to the requests.  The defendants are correct, however, that not all the requests involve documents and could likely be answered without reference to documents.  The plaintiff will be ordered to respond to the discovery requests.  If he is unable to fully answer the requests because he lacks the necessary documents, he should state so in his response and attach copies of all documentation of his efforts to obtain those documents.

IT IS THEREFORE ORDERED:

1) Defendant Vance's motion to dismiss is granted (d/e 22).  Vance is dismissed from this action, but without prejudice to the plaintiff refiling an amended statement regarding Vance. The plaintiff is granted until June 30, 2009, to file an amended statement, if he can, telling how Vance was personally and directly involved with his alleged denial of dental care.  Though the court normally does not permit piecemeal amendments, expediency requires an exception here, and the amended statement will become part of the original complaint.

2) Defendants' motion to compel discovery is granted (d/e 42).  The plaintiff is directed to answer **all** outstanding discovery requests by June 30, 2009.  No further extension will be granted.

3) Defendants' motion to dismiss for lack of prosecution is denied (d/e 43).

4) The plaintiff's motion for an extension is denied as moot (d/e 45).

5) Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by August 3, 2009.

6) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by September 1, 2009.

7)  Discovery closes October 30, 2009.  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests are not filed with the court, unless there is a dispute regarding such discovery.  See CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

8) Dispositive motions are due November 23, 2009.

Entered this 11th Day of <u>June</u>, 2009.

<u>**s\Harold A. Baker**</u>

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE