UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Richard Smego,

    Plaintiff,

08-3142

Carol Adams et al.,

    Defendants.

## Case Management Order

Before the court is the plaintiff's Motion to Compel Vance and Anyanwu to Answer Interrogatories (d/e 72).

*Vance interrogatories*

#3: The plaintiff seeks the length of Vance's employment with DHS, her job duties and functions, the identity of her supervisor, and the identity of the person to whom she reported, and the identity of persons working under her.

Vance's answer is somewhat responsive: she worked for Addus Healthcare from 2001 to 2007 as the health care director at IDHS treatment and detention facilities. Her supervisor was Lorie Colclasure. **Vance is directed to supplement the response to identify her job duties and responsibilities as health care director, the identity of the positions that she supervised, and the identity of persons to whom she reported (if other than Colclasure).**

*#4:* The plaintiff asks for Vance's authority and duties in running the healthcare unit. Vance's answer is somewhat responsive, but **Vance is directed to supplement her response by stating what actions she could take if nurses health care staff were not performing their duties.**

#7: The plaintiff asks how long the dental department was not function because of needed repairs or supplies. Vance responds that she does not recall the date that the department was "up and running." The answer is responsive, though the plaintiff disagrees with it.

#8: This question is similar to #7, asking when the dental department at Rushville was up and running. Vance responds that she does not recall, which is responsive.

#11: The plaintiff asks Vance if she has ever been disciplined or had grievances or reports filed against her. This information would not be admissible to show that Vance was

indifferent to the plaintiff's dental needs.  *See* Fed. R. Evid. 404(b)("Evidence of other . . . wrongs . . . is not admissible to prove the character of a person in order to show action in conformity therewith.").  There is no reasonable likelihood that prior disciplinary actions and grievances will lead to any admissible evidence.  Rushville administrators are sued frequently and often have grievances filed against them—that comes with the job.  Requiring Vance to locate all these grievances would place a heavy, undue burden on her (assuming the information is even retrievable), far outweighing any slight relevance they might have.  Additionally, the information would not be admissible because any speculative probative value it might have would be substantially outweighed by "the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, . . . ."  Fed. R. Evid. 403.  Admission of other purported mistreatment of other residents would produce endless mini-trials within this trial.

*#14:* The plaintiff asks why medical decisions are "non-grievable."  Vance responds that she has no knowledge to answer this because she was not involved in the implementation of grievance policies.  This is responsive.  The plaintiff also asks how Vance would handle such a complaint, but the court agrees that this question is overbroad.  **Vance is directed, however, to answer what actions she would take, if any, if concerns over the lack of available dental care at Rushville Treatment and Detention Center had been brought to her attention when she was the health care director there.**

### *Anyanwu interrogatories*

*#8:* It is not clear, but the plaintiff appears to be asking whether Anyanwu omitted relevant information from his medical notes during the relevant time period.  **Anyanwu is directed to answer this interrogatory.**

#9: The plaintiff asks why there is not a more detailed response written on a resident's request for health care.  Anyanwu's answer is responsive, that he does not know.

#10: The plaintiff asks whether Anyanwu wrote anything on health care request forms.  Anyanwu's answer is responsive, stating essentially that he does not know, but that this information may be in the medical records.

#14: The plaintiff asks how long it took to get the dentist department up and running.  Anyanwu's answer is responsive—he does not know because he was not the dentist.

#15: The plaintiff asks Anyanwu's professional opinion on how long a person should suffer a readily curable condition.  This question is overbroad, and not reasonably calculated to lead to admissible evidence.

#17: The plaintiff appears to be asking, during Anyanwu's employment at Rushville, what the policy was for providing needed medical or dental treatment to residents if that

treatment could not be provided on-site.  **Dr. Anyanwu is directed to answer this interrogatory.**

*#18:* The plaintiff asks how Anyanwu ordered medical supplies.  Anyanwu's answer is somewhat responsive—he submitted orders to the administration of the healthcare unit.  **Anyanwu is directed to supplement his response by identifying the specific person or persons to whom he submitted those orders.**

IT IS THEREFORE ORDERED:

1) The plaintiff's motion to compel (d/e 72) is granted in part and denied in part.  Dr. Anyanwu and Vance are directed to provide the responses directed above (in bold) to the plaintiff by May 10, 2010.

2) The plaintiff's motion to file a supplemental pleading (d/e 80) is denied).  The plaintiff seeks to add allegations against Dr. Lochard regarding Dr. Lochard's alleged refusal to treat the plaintiff's diabetes in retaliation for this lawsuit.  First, no plausible inference arises from the allegations that Dr. Lochard's treatment decisions were in retaliation for this lawsuit.  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965, 1973 n. 14 (2007)(factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'").  Second, allowing this new claim against Dr. Lochard would require re-opening discovery, which would unnecessarily prolong this case and unduly prejudice the other defendants.

3) It does not appear that Dr. Lochard has responded to the plaintiff's motion to compel responses to discovery requests (d/e 87).  Dr. Lochard is directed to file a response by May 7, 2010.

4) It also does not appear that Dr. Mitchell has responded to the plaintiff's motion to compel (d/e 90).   Dr. Lochard is directed to file a response by May 7, 2010.

5) The plaintiff's response to the pending motions for summary judgment is not due until 45 days after the court rules on the pending motions to compel.

Entered this 26th Day of April, 2010.

\s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE