

## THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD M. SMEGO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 08-3142 |
| v. | ) | |
| | ) | Judge Harold A. Baker |
| CAROL ADAMS, DR. MICHAEL BEDNARZ, | ) | |
| DR. JACQUELINE MITCHELL, KELLY | ) | |
| LAWSHAE, CAROL VANCE, DR. LOCHARD, | ) | |
| DR. JOVITA ANYANWU, AND AND ALL | ) | |
| OTHER UNNAMED AND OR UNKNOWN | ) | |
| PERSONS DISCOVERED THROUGH THE | ) | |
| COURSE OF DISCOVERY TO HAVE | ) | |
| PARTICIPATED IN VIOLATIONS | ) | |
| COMPLAINED OF HEREIN. | ) | |
| | ) | |
| Defendants | ) | |

## REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
## BY DEFENDANT CAROL VANCE

Carol Vance (referred to herein as "Defendant" or "Vance"), by and through her

attorneys, Brian P. Gainer and Juanita B. Rodriguez of the law firm of Johnson & Bell,

Ltd., submits this Reply in Support of Motion for Summary Judgment.  In support

thereof, the Defendant states as follows:

## PLAINTIFF'S STATEMENT OF "DISPUTED MATERIAL FACTS"

Plaintiff attempts to object to Defendant's "Undisputed Material Facts" on the

alleged basis that Defendant was not able to use Plaintiff's deposition testimony of March

8, 2010 pursuant to the Order entered by this Honorable Court on March 23, 2010.

However, since Plaintiff was provided with a full copy of his deposition by Defendant,

Plaintiff's objections lack merit.  A full copy of Plaintiff's deposition was mailed to the

Plaintiff on April 16, 2010 in conjunction with Defendant's summary judgment motion

1

and supporting exhibits, filed April 15, 2010. On April 20, 2010, Defendant sent a courtesy copy to this Court; however, a full copy of Plaintiff's deposition transcript had already been provided to Plaintiff. Plaintiff was provided breaks during his deposition and confirmed during his deposition that there was nothing keeping him from testifying clearly. (See March 8, 2010 Deposition of Richard Smego, attached as Exhibit 4 to Vance's Motion for Summary Judgment, p. 133:3-8.) During the course of disputing Defendant's "Undisputed Material Facts," Plaintiff does not deny that Carol Vance is not a dentist and that he never seen or spoke to Carol Vance regarding any dental concerns. Based on these admissions, and Plaintiff's failure to raise a material issue of fact, summary judgment is appropriate.

## REPLY TO ADDITIONAL MATERIAL FACTS

1.      Plaintiff's Additional Material Fact. No. 1 is immaterial but disputed. Pursuant to the Case Management Order entered by this Honorable Court on April 26, 2010, Defendant supplemented her answers to interrogatories. Due to the fact that the April 26, 2010 Order was entered after Defendant filed her summary judgment motion on April 15, 2010, Defendant has attached her Amended Answers to Interrogatories to demonstrate that she has not withheld any information, has not violated this Court's orders with respect to discovery and has not prejudiced the Plaintiff. The Plaintiff was provided a copy of Defendant's Amended Answers to Interrogatories, on or about May 11, 2010, weeks in advance of his response to Defendant's dispositive motion and later provided an update upon the receipt of additional information and signature by the Defendant. A copy of Defendant's Amended Answers to Interrogatories is attached as **Exhibit A**. (Should this Court prefer that Defendant submit an Amended Summary

2

Judgment Motion incorporating Defendant's Amended Answer to Interrogatories as an exhibit and providing Plaintiff another opportunity to respond, Defendant is willing to do so.)

2.    Plaintiff's Additional Material Fact. No. 2 is immaterial but disputed in that Plaintiff was properly served with a full copy of Defendant's summary judgment motion and exhibits by this Defendant on April 16, 2010 in conjunction with Defendant's summary judgment motion and supporting exhibits, filed in the evening of April 15, 2010.  Plaintiff was not prejudiced as he relies on the contents of his deposition and Defendant's exhibits which were provided to him by this Defendant.  Last, the correspondence to this Court dated April 20, 2010 enclosed a courtesy copy for the Court. Accordingly, Vance denies that she merely sent Plaintiff the dispositive motion without the supporting exhibits.

3.    Plaintiff's Additional Material Fact. No. 3 is immaterial but disputed. Pursuant to the Case Management Order entered by this Honorable Court on April 26, 2010, Defendant supplemented her answers to interrogatories.  Due to the fact that the April 26, 2010 Order was entered after Defendant filed her summary judgment motion on April 15, 2010, Defendant has attached her Amended Answers to Interrogatories to demonstrate that she has not withheld any information, has not violated this Court's orders with respect to discovery and has not prejudiced the Plaintiff.  The Plaintiff was provided a copy of Defendant's Amended Answers to Interrogatories, on or about May 11, 2010, weeks in advance of his response to Defendant's dispositive motion and later provided an update upon the receipt of additional information and signature by the Defendant.  A copy of Defendant's Amended Answers to Interrogatories is attached as

3

**Exhibit A**. (Should this Court prefer that Defendant submit an Amended Summary Judgment Motion incorporating Defendant's Amended Answer to Interrogatories as an exhibit and providing Plaintiff another opportunity to respond, Defendant is willing to do so.)

4.      Plaintiff's Additional Material Fact. No. 4 is immaterial but disputed in that Plaintiff was properly served with a full copy of Defendant's summary judgment motion and exhibits by this Defendant on April 16, 2010 in conjunction with Defendant's summary judgment motion and supporting exhibits, filed in the evening of April 15, 2010.  Plaintiff was not prejudiced as he relies on the contents of his deposition and Defendant's exhibits which were provided to him by this Defendant.    Last, the correspondence to this Court dated April 20, 2010 enclosed a courtesy copy for the Court. Accordingly, Vance denies that she merely sent Plaintiff the dispositive motion without the supporting exhibits.

5.      Plaintiff's Additional Material Fact. No. 5 is immaterial but disputed. Pursuant to the Case Management Order entered by this Honorable Court on April 26, 2010, Defendant supplemented his answers to interrogatories as ordered.  Defendant has signed a statement "under penalty of perjury" that she provided the amended answers to Plaintiff's interrogatories to the best of her knowledge and belief.  See, **Exhibit A**. Vance has cited to the record and attached all necessary exhibits in support of her motion for summary judgment.  Nonetheless, Vance is willing to submit an affidavit if she is ordered or provided leave to do so.

6.      Plaintiff's Additional Material Fact. No. 6 is immaterial but disputed. Pursuant to the Case Management Order entered by this Honorable Court on April 26,

2010, Defendant supplemented her answers to interrogatories as ordered. Per that Order, this Court held that the majority of Defendant's answers to Plaintiff's interrogatories were responsive. Defendant denies Plaintiff's characterization of Defendant's answers to interrogatories and amended answers to interrogatories and further replies that she has fully answered the interrogatories to the best of his knowledge and belief. See, **Exhibit A**. (Should this Court prefer that Defendant submit an Amended Summary Judgment Motion incorporating Defendant's Amended Answer to Interrogatories as an exhibit and providing Plaintiff another opportunity to respond, Defendant is willing to do so.)

## PLAINTIFF'S DELIBERATE INDIFFERENCE ARGUMENTS

Per his response to Defendant's pending summary judgment motion, Plaintiff has failed to cite any case law or authority in support of his claims against this Defendant. Most importantly, Plaintiff has failed to establish that Defendant had personal involvement with the medical or dental needs of this inmate or that she has exercised a deliberate disregard of his serious medical needs. To the contrary, Plaintiff admits Vance was not employed as a dentist and did not render dental care.

The remaining arguments raised by the plaintiff in his response simply repeat the allegations of the plaintiff's complaint. Simply put, the plaintiff has done nothing to counter the arguments raised by the defendants in support of summary judgment as his claim continues on his "personal belief" that Vance was not ordering the requisite dental supplies as a deliberate indifference to his alleged "serious" dental needs. The non-moving party must demonstrate that there are some facts, outside of the allegations in the pleadings that indicate that a genuine issue exists for trial. *Tolle v. Carroll Touch*, 23 F.3d 174, 178 (7th Cir. 1994). Plaintiff has cited no authority for the contention that the

dental complaints from which he was allegedly suffering were sufficiently serious to trigger an Eighth or Fourteenth Amendment violation.

Notwithstanding, Vance was not responsible for providing dental care or addressing the Plaintiff's dental condition. Objectively, the plaintiff cannot show that his medical needs on the date of the incident in question were "sufficiently serious" for the purposes of establishing a deliberate indifference claim. *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997). Subjectively, based on his admissions that he never spoke with Vance about his dental complaints and that he never observed any conversations between the dental staff and Vance with respect to the Plaintiff's dental needs, the Plaintiff cannot show that this Defendant exhibited deliberate indifference. (See **Exhibit A** to Reply, pp. 1-7.) *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Therefore, summary judgment must be granted in Defendant's favor.

## IV.    CONCLUSION

Based on the foregoing undisputed material facts and arguments, it is clear that, as a matter of law, Defendant Carol Vance is entitled to summary judgment on Plaintiff's claims against her. As a result, Defendant respectfully requests that this Court enter judgment in her favor and against the plaintiff, and for any other relief that the Court deems equitable and just.

Respectfully submitted,

Carol Vance

By: /s/Juanita B. Rodriguez
    One of the attorneys for Defendant

6

BRIAN P. GAINER
JUANITA B. RODRIGUEZ
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
312/372-0220
rodriguezj@jbltd.com

# EXHIBIT A

THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD M. SMEGO, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 08-3142 |
| | ) | |
| CAROL ADAMS, DR. MICHAEL BEDNARZ, | ) | Judge Baker |
| DR. MITCHELL, KELLY MITCHELL, CAROL | ) | |
| VANCE, DR. LOCHARD, DR. JOVITA | ) | |
| ANYANWU, AND ANY ALL OTHER | ) | |
| UNNAMED AND OR UNKNOWN PERSONS | ) | |
| DISCOVERED THROUGH THE COURSE OF | ) | |
| DISCOVERY TO HAVE PARTICIPATED IN | ) | |
| VIOLATIONS COMPLAINED OF HEREIN. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |

## AMENDED ANSWERS TO INTERROGATORIES DIRECTED TO DEFENDANTS CAROL VANCE AND DR. JOVITA ANYANWU

The Defendants, Carol Vance and Dr. Jovita Anyanwu, by and through their attorneys, Brian P. Gainer and Juanita B. Rodriguez of Johnson & Bell Ltd., and for their Amended Answers to Plaintiff's First Set of Interrogatories, state as follows:

1.     State your full name, including all of the names and aliases by which you have been known, the dates of use of each such name, including names for the purpose of doing business.

**ANSWER:     Carol Ann Vance.**

2.     State the names and places of employment going back for a period of ten year, explaining in detail your position, required job duties, the tasks you performed in the completion of these duties and reasons for leaving and or leaving and or changing employer.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is overbroad, and not sufficiently limited in time and/or scope. Notwithstanding and without waiving this objection, Defendant states that from July 2001 to August 31, 2007 she worked for Addus Healthcare located at 2104 South Plum Grove Road, Palatine, Illinois 60067. While employed by Addus, Defendant was the Health Care Director at the Illinois Department of Human Services Treatment and Detention Facility. The Defendant resigned from this employment when the contract between Addus and the State of Illinois expired.

3.      Explain in exact detail your length of employment with the Department of Human Services Treatment & Detention Facilities, both the Rushville and Joliet facilities, your positions and job titles, the exact nature of your job duties, what your required and expected functions was or is, and what your "Chain of Command" or who you were directly responsible to as you supervisor and the order in which this authority was designated and to whom. Detail to whom you reported and what the nature of these reports consisted of. Who worked under you and was accountable to you for performing what tasks, and why.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, see the Answer to Interrogatory No. 2. Defendant further states that she was never employed with the Department of Human Services, and her supervisor while working at the Treatment and Detention Facility was Lorie Colclasure.

Defendant did not report to anyone other than Ms. Colclasure. Defendant further states that, as Health Care Director, her duties were to supervise many of the nurses working at the facility. As an administrator she was responsible for the day to day functioning of the unit which consisted of scheduling and staffing the nurses and ensuring that the physician and dentist were contracted for the number of contracted hours, ordering dental and medical supplies, and submitting the reported hours worked by Addus employees to payroll. In regards to supply orders, Defendant would forward the orders for dental and medical supplies as received and would make sure the invoices were paid. Defendant did not reject or omit orders for any supplies. Defendant was further responsible for interviewing, hiring, supervising, and disciplining the nursing staff, clerical worker and dental assistant. Defendant was not responsible for supervising or disciplining the dentist or the

2

doctor; however, if Defendant would have been made aware that a facility dentist or doctor was not performing his or her duties adequately Defendant had the authority to report the dentist or doctor to Ms. Colclasure. With regard to the facility dentist, Defendant would verify the hours the facility dentist reported as having worked.

4.      Describe in detail what role you played, or how you were personally involved in the daily running of the Healthcare Units, why Rn's Nurse, other staff reported to, what they relied upon you for, and what courses of action did you have available if other staff was not performing their required duties or otherwise needed corrective measures to perform their task or related job duties.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Notwithstanding and without waiving this objection, see the Answer to Interrogatory No. 2.  Defendant further states that, as Health Care Director, her duties were to supervise many of the nurses working at the facility. Also, as an administrator, the Defendant, except on rare occasions, did not provide medical treatment directly to facility residents.**

**Defendant would speak to a nurse if there was an issue; however, the nurses at the health care unit performed their duties so there was never a situation presented whereby the Defendant had to do more.  Additionally, Defendant does not recall anyone bringing an issue to her attention with regard to the performance of any nurse duties while she was working at the facility.  Notwithstanding, Defendant had the authority to investigate the allegations of underperformance and provide verbal counseling.  If further corrective action was needed, Defendant would have to report that to Ms. Colclasure and the nurse could then be subject to progressive discipline which consisted of written warnings, suspension and termination.**

5.      Exactly how did your job duties or the performance of your required, or otherwise functions, relate to the filling of medical supply orders, the approval of medical orders, or the placing of orders for medical supplies.  Explain in detail all interactions or required functions, duties, or involvement with the ordering of supplies for the Healthcare Unit, and for the dental supplies used in these departments.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope.  Notwithstanding**

and without waiving this objection, Defendant states that it was not her responsibility to "approve" medical or dental supply orders at the facility. Medical and dental supply orders were submitted to her by the various physicians and dentists at the facility, and she simply submitted these orders and invoiced them. As a registered nurse unfamiliar with dental practices, it was not the Defendant's job, nor was it her responsibility, to question orders placed by the facility dentist.

6.    Explain in detail everything you know about who orders medical/dental supplies, what the process is for ordering these supplies, how long it takes to order what supplies. State anything and everything you can about this process, who is involved, and what their job or position title is.

ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, see answers to Interrogatories # 4 & 5 above.

7.    Using your memory, records, notes or anything else you can, state when, why, and for how long the dental department was not functional, waiting for repairs, out of supplies, and how long these events lasted.

ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, assumes facts not in evidence, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, Defendant states that, as a registered nurse unfamiliar with dental care and practices, she does not recall the date on which the dental department was "up and running" as she understands the phrase. Defendant is unable to provide any further answer to this interrogatory.

8.    Explain in detail to the best of your ability how long after the move from Joliet to Rushville was it before the dental department was up and running, all equipment working, properly supplied with permanent filing materials, and seeing residents on a regular basis with the ability to perform required services.

4

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is vague, assumes facts not in evidence, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, because the dental care and dental practices employed at the facility were within the purview of the facility dentist, this defendant does not recall the date on which the dental department was "up and running" or "properly supplied" as she understands those phrases.

9.      During your time as healthcare Unit Administrator, what would be considered an acceptable delay in terms of making someone wait for medical/dental services, and why? What was the policy for the approval of needed services, and for the making of writ, or medical writs for services not rendered at this facility.

**ANSWER:** Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, assumes facts not in evidence, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, see answers to Interrogatories # 4 & 5 above. Defendant further states that, she had no input nor responsibility with regard to the creating or implementation of facility policy relating to "medical writs."

10.     Have you ever been involved in any civil legal actions either as a Defendant or Plaintiff. Have your actions or lack thereof concerning a patients medical needs ever lead to you being sued for not treating or providing improper care for others. If so, please state:

      a.      the date and place each such action was filed.

      b.      the name of the court and the parties involved.

      c.      the court file number of all such actions.

      d.      the names of attorneys representing each party.

      e.      a description of the nature of each such action.

      f.      the disposition of each action.

**ANSWER: Defendant objects to this Interrogatory on the basis that it is overbroad, not relevant, not reasonably calculated to lead to the discovery of admissible evidence, and not sufficiently limited in time and/or scope. Notwithstanding and without waiving this objection, Defendant states that, throughout her tenure as Healthcare Director at the Treatment and Detention Facility, she has been involved in numerous lawsuits, all of which were without merit, and it would be unduly burdensome for the Defendant to compile information on each. Defendant further states that all of this information is public record, and accessible to the Plaintiff.**

11.    Have you ever been disciplined or have you been the subject of disciplinary proceedings based on your job performance, complaints, reports, grievance(s) lodged against you while at the TDF or any other employer for the last ten years.

**ANSWER: Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.**

12.    Identify each witness, fact and or expert that Defendant expects to call at trial, including:

   a.    the name, address and phone number for each witness;

   b.    the subject matter on which the witness is expected to testify;

   c.    the substance of the facts and opinions to which the witness is expected to testify and a summary of the grounds for each opinion, and the existence of and location of any statements made by any such witnesses.

**ANSWER: Presently, it is possible that the Defendant will call the Plaintiff or any of the other Defendants as a witness in this matter. Additionally, Defendant has not yet identified whether she intends to call an expert witness in this matter. Defendant reserves the right to supplement this list of witnesses as more information is developed throughout the course of discovery.**

13.    State to the best of your ability, referring to any documents your memory, or useful thing, who was responsible for getting the healthcare up and running during the

6

move to this facility and how both the Healthcare Unit and Dental facilities went without supplies, the proper supplies, and proper working equipment.

ANSWER: Defendant objects to this Interrogatory on the basis that it is vague, assumes facts not in evidence, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, Defendant states that, because the dental care and dental practices employed at the facility were within the purview of the facility dentist, she does not recall the date on which the dental department was "up and running" as she understands the phrase. It was the responsibility of the dentist at the facility to insure that the dental department was "properly supplied," and the facility dentist would give the Defendant a list of supplies, which the Defendant would then order.

14. To your knowledge and understanding, why was the decision made to make medical decisions non-grievable, and as such how would you handle a complaint or request to review services or resident concerns.

ANSWER: Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, as the Defendant was a Registered Nurse working in the Healthcare Unit at the Treatment and Detention Facility, she was not involved in the implementation of policies relating to grievances at the facility. Therefore, the Defendant has no knowledge of the subjects addressed in this Interrogatory.

Defendant disagrees that medical decisions were non-grievable and does not recall ever receiving information related to Plaintiff before the receipt of this lawsuit. If there was an emergency situation or a situation where a facility resident needed immediate dental care that could not be provided by the facility dentist one could be sent to an outside facility. However, the dental unit was operating approximately one to two weeks after the residents were transferred there so dental care was being provided. In order for a resident to be sent to an outside facility for dental care, the facility dentist would need to bring it to attention of Defendant and if so, Defendant would make arrangements for the resident to be sent to an outside facility for the emergency or immediate dental care that was needed.

## ANSWERS TO INTERROGATORIES DIRECTED TO
## DEFENDANT DR. JOVITA ANYANWU

1.      State your full name including all of the names or aliases by which you have been known, the dates of use of each such name and the reasons for any change of name, your date and place of birth.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it seeks information that is private and confidential in nature, such as the Defendant's date of birth and place of birth.   Notwithstanding and without waiving this objection, Defendant's full name is Jovita Chikeze Anyanwu.**

2.      Have you ever been involved in any civil legal actions as either a defendant or plaintiff.  If so please state:

   a.      whether or not it was related to your job or being employed at the treatment and detention facilities.

   b.      the name of the court and the parties involved.

   c.      the court file numbers and the parties involved.

   d.      the names of the parties representing each party.

   e.      a description of the nature of each such action, and

   f.      the disposition of each action.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it is overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further states that throughout his tenure as resident physician at the Treatment and Detention Facility, he was involved in numerous lawsuits, all of which were without merit, and would be unduly burdensome for the Defendant to compile information on each.  Defendant further states that all of this information is public record, and accessible to the Plaintiff.**

8

3.      During the ten years prior to the date of your leaving the employment of the Treatment and Detention Facility(s), please state and explain in detail all of your places of business, job held, facilities or hospitals worked for, in short your work history.

**ANSWER:   Defendant objects to this Interrogatory on the basis that is overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving this objection, Defendant states that from July 2001 to June 2007, he worked for Addus Healthcare, Inc., located at 2401 South Plum Grove Road, Palatine, Illinois 60067.   While working for Addus, the Defendant was the on site physician at the Illinois Department of Human Services Treatment and Detention Facility.**

4.      Please describe in detail the nature of any job or profession related disciplinary proceedings, complaints, reports, or grievances lodged against you.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving this objection, Defendant states that he has no information responsive to this interrogatory.**

5.      As a matter of fact, is it true that you wrote or caused to be wrote, all facts or concern conveyed to you, during the course of conversation, during but not limited to the examination of a resident of the TDF.

**ANSWER:   Defendant objects to this Interrogatory on the basis that it is vague.  Defendant is unable to answer this Interrogatory in its present form because he does not understand it.**

6.      Have you ever not included requests, statements, or other communications in medical notes, progress notes, or official TDF documents.

**ANSWER:   Defendant objects to this Interrogatory that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is unable to answer this Interrogatory in its present form because he does not understand it.**

7.   Would it be fair to say that there are and have been request made of you that you knew you could not fill, approve or provide for that never got written down in resident medical files, orders, progress notes or anywhere else.

**ANSWER:   Defendant objects to this Interrogatory that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is unable to answer this Interrogatory in its present form because he does not understand it.**

8.   State with clarity whether or not your record keeping is all inclusive or if it reflects the actual services you rendered or intended to render at the time you were interviewing and or examining the resident or patient before, during, or after care.

**ANSWER:   Defendant objects to this Interrogatory that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.  Defendant is unable to answer this Interrogatory in its present form because he does not understand it.**

**Defendant did not omit any information received from a facility resident from his medical notes at any time.  Defendant would record all information and complaints from the facility resident at the time of their visit.**

9.   As the facility medical doctor for the complained of time period, can you explain why resident request for healthcare are returned to the resident after being seen in healthcare and never reflect, or have anything written in the resolution section except for an extremely brief and vague statement such as "seen in Healthcare" "seen by M.d." or talked to nurse, yet never reflect what was discussed, ordered, or treatment provided?

**ANSWER:   Defendant objects to this Interrogatory that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence.   Notwithstanding and without waiving this objection, this defendant has no knowledge about the reason for the use of the form in question, or the manner in which the form in question appears.**

10. Do you personally know of any Healthcare request forms that indicate, record, or report anything written by your hand expressing orders, information or instructions.

**ANSWER: Defendant objects to this Interrogatory that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, this defendant has no knowledge about the reason for the use of the form in question, or the manner in which the form in question appears. Defendant further states that the information sought by the plaintiff may appear in his actual medical records, as opposed to on a "Health Care Request Form."**

11. If asked by a resident about dental concerns and or complaints, scheduling work or getting involved with a dental procedure what would you have done to address these concerns, and how would/did you document these conversations when they took place.

**ANSWER: Defendant objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this objection, Defendant states that, because he is not a dentist, general practice would dictate that, upon receipt of a dental complaint, Defendant would direct the facility resident to make his complaint to the facility dentist for treatment.**

12.

**ANSWER: There is no Interrogatory No. 12.**

13. What was the official policy if any covering request for service as they related to the dentist and the podiatrist, but were addressed to you either in writing or spoken during an examination for something else.

**ANSWER: Defendant objects to this Interrogatory on the basis that it is vague, ambiguous, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding and without waiving this**

objection, Defendant does no recall whether an "official policy" existed. Also see answer to Interrogatory # 11.

14.    During your time at the TDF in particular June of 2006 through the following year, how long did it take to get the healthcare unit up and running, including the dental department, being fully stocked, equipped, maintained and everything in working order.

**ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, assumes facts not in evidence, seeks information that is not relevant, and is not reasonably calculated to lead to the discovery of relevant information. Notwithstanding and without waiving this objection, Defendant states that, because he is not a dentist, he had no role in, nor any knowledge about, the operation of the dental department at the Treatment and Detention Facility.**

15.    In your opinion, as a doctor and your personal beliefs, how long is it a professional, such as yourself, should allow a person to suffer with pain for something that is readily curable or could be fixed and or repaired without extraordinary efforts.

**ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, assumes facts not in evidence, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of relevant information.**

16.    Once a professional person, such as yourself has been informed and it has been documented by you that your patient is suffering should it be considered proper to not act, or to take step towards eliminating that pain based solely on the original information and the fact you had been made personally aware of the situation and pain involved.

**ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, assumes facts not in evidence, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of relevant information.**

17.    What is the official policy on this subject of pain and needed medical attention for services that cannot be rendered at the TDF because the matter is to complex, involves specialized equipment or services, or due to broken or missing equipment or supplies the services cannot be done at the facility.

**ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of relevant information.   Notwithstanding and without waiving this objection, Defendant is no longer working at the Treatment and Detention Facility and is therefore unaware of the "official policy" mentioned here.**

**Answering further, a facility resident could be referred to an outside facility for medical treatment that was needed and could not be provided at the Rushville TDF.  Defendant did not provide dental care, does not know how to provide dental care and was not involved with handling any dental issues at the Rushville TDF. Accordingly, Defendant had no knowledge as to any of the dental needs of the facility residents and whether or not a facility resident needed to be referred to an outside facility for dental care.   Defendant defers to the facility dentist in this regard.**

18.    When you ordered, or caused to be ordered medical supplies, what procedure did you go through and who is involved in the entire process from beginning to end.  Who did you submit orders and or re-ordering of supplies, who was it, and exactly what do you know of the process involved.

**ANSWER:    Defendant objects to this Interrogatory on the basis that it is vague, overbroad, not sufficiently limited in time and/or scope, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of relevant information.    Notwithstanding and without waiving this objection, Defendant states that, when it was necessary for him to request medical supplies for the TDF, he would submit medical supply orders to the administration of the Health Care Unit.  It was not necessary for the Defendant to order dental supplies, because he was not the facility dentist.**

**Defendant did not order medical or dental supplies.  If Defendant wrote a medical order, for example, if a facility resident needed a wheelchair, he would at the conclusion of the medical visit with the facility resident provide the script or note to the nurse that would be assisting Defendant at the relevant time.  Defendant does not recall the names of the nurses that were working with him at the relevant**

13

time. Defendant further answers that the assisting nurse would then forward his request to the administration. Defendant is not sure exactly who at the administration would receive his request for medical supplies but believes it was Carol Vance.

As to Objections and Legal Conclusions,

One of Defendants' Attorneys
Brian P. Gainer
Juanita B. Rodriguez
JOHNSON & BELL, LTD.
33 W. Monroe, Suite 2700
Chicago, Illinois 60603
(312) 372-0770

As to Answers,

I state under penalty of perjury that to the best of my present information, knowledge and belief, the foregoing answers are true and correct.

_Carol Vance_

Carol Vance

I state As to Answers,
under penalty of perjury that to the best of my
present information, knowledge and belief, the
foregoing answers are true and correct.

_____
Jovita Anyanwu