UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Richard Smego,

    Plaintiff,

        08-3142

Carol Adams et al.,

    Defendants.

## Order

On December 3, 2010, the court granted summary judgment to the defendants on all claims except for the plaintiff's claims against Defendant Dr. Mitchell regarding his dental needs still remaining on the date of that order. The court directed Dr. Mitchell to file a supplemental summary judgment motion on this issue, which Dr. Mitchell has done. For the reasons below the motion is granted.

### *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be satisfied by "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).

### *Facts and Analysis*

The court's 12/3/10 order stated in relevant part:

However, this case is also about the plaintiff's ongoing denial of dental treatment. He seems to seek some sort of injunctive relief. (d/e 78, p. 1). The plaintiff asserts that teeth #'s 6, 7, and 8 were never finished, and Dr. Mitchell's dental notes seem to support that conclusion despite her averment that she finished the job. Additionally, the "services planned" part of the plaintiff's records show services planned for teeth #'s 4, 5, 9, 10, 28, 20, 21, which do not appear to have been rendered. (d/e 117-4, pp. 2-3, 5). The plaintiff contends in his reply that he did see Dr. Mitchell on October 24, 2010, who scheduled further repairs for March of 2011.

Dr. Mitchell's affidavit does not sufficiently explain her 9/22/08 dental notes regarding teeth #'s 6, 7, and 8, which state "next visit finish" or "no finish." She does also not explain why there has been no treatment rendered for the other teeth in the "services planned" part of the records. Accordingly, Dr. Mitchell will be directed to file a supplemental summary judgment addressing these issues.

(d/e 147, p. 10).

In her supplemental affidavit, Dr. Mitchell avers that she did complete all the treatment on teeth numbers 6, 7 and 8 on September 22, 2008, and that the notation "next visit finish" refers to other teeth that she had planned to fill that day but was unable to because she ran out of time. (Mitchell Aff. ¶ 1). The plaintiff adamantly disputes this, asserting that teeth 6, 7, and 8 were not completed, that no other fillings were planned for that day, and that Dr. Mitchell has contradicted herself, falsified documents, and made false statements.

The court sees no evidence of falsified documents, nor do Dr. Mitchell's affidavits contradict themselves. However, looking at the record in the light most favorable to the plaintiff, and crediting the plaintiff's testimony that the teeth were not finished, a reasonable juror might conclude that the "next visit finish" was referring to teeth number 6, 7 and 8.

Yet that only means, at most, that Dr. Mitchell did not finish her work on teeth 6, 7 and 8 on September 22, 2008. It does not mean that the failure to finish the work amounted to deliberate indifference to the plaintiff's serious dental needs. By the plaintiff's own testimony, Dr. Mitchell did apply the filling into the teeth, but she did not have time to "form" or "surface" the teeth. (Plaintiff Aff. ¶ p. 123). Whether this amounts to a serious dental need is not established on this record. Further, there is not enough evidence for a jury to conclude that Dr. Mitchell was deliberately indifferent. The plaintiff does not dispute that he did not file a health care request for dental treatment after September 2008, in 2009 or in 2010, which cuts against any inference that he felt the need was serious, and, more importantly, cuts against any inference that Dr. Mitchell deliberately ignored requests to have these teeth finished or deliberately refused to finish the teeth. In sum, there is no evidence that Dr. Mitchell was deliberately indifferent or that her actions amounted to a "substantial departure from accepted professional judgment, practice, or standards." *Estate of Cole v. Pardue*, 94 F.3d 254, 261-62 (7th Cir. 1996).

2

The same conclusion is reached for the plaintiff's other teeth that remain unfilled and for the chipped tooth he asserts he has. Dr. Mitchell avers that she examined the plaintiff in October 24, 2010, and determined that the cavities in teeth 7 and 8 had recurred. At the time she gave the affidavit (January, 2011), she planned to fill these teeth and others in March, 2011, after she had fully recuperated from surgery in December 2010. (Mitchell Aff. ¶ 3-5). There is no evidence that this decision was a "substantial departure from accepted professional judgment, practice, or standards" or that the plaintiff's chipped tooth amounted to a serious dental need to which Dr. Mitchell was deliberately indifferent.

IT IS THEREFORE ORDERED:

1) Defendant Mitchell's motion for summary judgment is granted (d/e 153). The clerk of the court is directed to enter judgment in favor of Defendant Mitchell and against the plaintiff.

2) The plaintiff's motion for leave to file a supplemental pleading is denied (d/e 166).

3) The plaintiff's motion for Rule 11 sanctions is denied (d/e 167). This case is terminated.

4) The defendants may file for costs under Fed. R. Civ. P. 54(d) within the time prescribed by local rule. The plaintiff will have an opportunity to object to the imposition of costs.

5) If the plaintiff wishes to appeal this judgment, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c).

Entered this 27th Day of July, 2011.

**\s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE