140-1524                                              RPV

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINIOS

| | |
|---|---|
| RICHARD M. SMEGO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No.: 08-3142 |
| ) | Judge Myerscough |
| ) | |
| DR. JACQUELINE MITCHELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT JACQUELINE MITCHELL, D.D.S.'S MOTION IN LIMINE #1 - 9

Defendant DR. JACQUELINE MITCHELL, through her attorneys, ROBERT P. VOGT and WELDON-LINNE & VOGT, moves this Court to enter an order *in limine* barring the Plaintiff and/or any witness from providing testimony, referencing, or introducing any evidence relating to the following:

### Defendant Mitchell's Motion In Limine #1 To Bar Plaintiff's Exhibit #2

On February 6, 2014, the plaintiff filed his proposed trial exhibits. The plaintiff disclosed a total of 31 trial exhibits including Exhibit #2 which the plaintiff describes as certain DHS Progress Notes. Exhibit #2 consists of two (2) progress notes written by Y. Coleman, a clinical therapist, and thirteen (13) progress notes by M. Babula, a clinical therapist.

First, any alleged notes prepared by Ms. Coleman and Mr. Babula are inadmissible as the plaintiff can lay no foundation to establish their authenticity. Ms. Coleman and Mr. Babula are not listed as witnesses for the plaintiff. The plaintiff did not prepare the notes and cannot establish the evidentiary foundation for a note prepared by someone else. The therapists' progress notes are inadmissible under Federal Rule of Evidence 901.

1

Second, the plaintiff's dental complaints to his therapist were not made for the purpose of receiving a diagnosis or treatment and, as a result, any such self-made statements constitute inadmissible hearsay under FRE 803(4). The plaintiff hopes to introduce what the plaintiff himself told his therapists about the plaintiff's dissatisfaction with Dr. Mitchell. However, the plaintiff was simply voicing his own personal complaints. The plaintiff's therapist certainly was not treating the plaintiff for dental problems and the source of the complaints set forth in the therapist notes was the plaintiff himself. Where, as here, the plaintiff himself is the source of the information, the trustworthiness of the data is completely suspect and any such complaints are properly barred. Gong v. Hirsch, 913 F.2d 1269, 1272-1273, (7th Cir. 1990).

Third, even if the plaintiff could lay a foundation for his therapist's notes and even if what the plaintiff said to the therapist regarding his dental complaints was admissible under FRE 803(4), the plaintiff's effort to use his therapists' notes would still fail because there is absolutely no evidence that his therapists ever spoke to, or communicated with, Dr. Mitchell about the plaintiff's alleged dissatisfaction. It is important to note that by themselves, the plaintiff's complaints to his therapists are wholly irrelevant. The plaintiff's complaints to his therapists have no greater weight than complaints the plaintiff may make to his fellow residents during lunch. They prove nothing and constitute "complaints in the air". The only way that the plaintiff's complaints become relevant is if the plaintiff can tie or link those complaints to Dr. Mitchell; i.e., he can establish that his complaints to his therapists were passed on or communicated to Dr. Mitchell. But, the plaintiff cannot. There is no evidence whatsoever that his therapists ever communicated the plaintiff's complaints to Dr. Mitchell. In light of this undisputed fact, the plaintiff's complaints to his therapists have absolutely no bearing on this case.

Finally, the plaintiff has not produced a single document to suggest or imply that it was necessary or appropriate for him to make requests for dental diagnosis or treatment to his therapists. In fact, any such assertion would be in direct conflict with plaintiff's own sworn testimony. At his deposition, plaintiff testified:

> Q: Because the idea is that, you know, with all the inmates or all the residents, the only way the health care staff is going to know about a problem that you might be suffering from or that might have developed is if you fill out a health care request and alert them to that, right?
>
> A: Correct.

Plaintiff's Deposition, pg. 72-73.

For all the foregoing reasons, plaintiff's trial exhibit #2 must be barred.

### Defendant Mitchell's Motion In Limine #2 To Bar Plaintiff's Exhibit #13, 14, 24 25, 26, 27, 28, 29 And 30

On February 6, 2014, plaintiff filed his proposed trial exhibits. Plaintiff disclosed a total of 31 trial exhibits including the following:

a) Exhibit #13 – Kelly Lawshea's Answers to Plaintiff's First Set of Interrogatories

b) Exhibit #14 – Michael Bednarz's Answers to Plaintiff's Interrogatories

c) Exhibit #24 – Affidavit of Floyd Hannel, Jr.

d) Exhibit #25 – Affidavit of Kevin Stanbridge.

e) Exhibit #26 – Affidavit of Richard Smego relating to Michael Bednarz

f) Exhibit #27 – Affidavit of Richard Smego relating to Dr. Hughes Lochard

g) Exhibit #28 – Affidavit of Richard Smego relating to Kelly Lawshea

h) Exhibit #29 – Affidavit of Richard Smego relating to Defendant Jacqueline Mitchell

i) Exhibit #30 – Letter of Complaint to Michael Bednarz

Kelly Lawshea, Michael Bednarz, Floyd Hannel and Kevin Stanbridge are not parties to this lawsuit. The interrogatory answers and affidavits of other non-party witnesses constitute inadmissible hearsay – they are out-of-court statements that the plaintiff hopes to use to prove the truth of the matters asserted. Federal Rule of Evidence 802. A party cannot use his own interrogatory answer, which is almost certainly hearsay, to prove the truth of its contents. Luster v. Ill. Dep't of Corr., 652 F.3d 726, 731 (7th Cir. 2011). In addition, where a witness will not be testifying at trial and was not deposed, the written interrogatory responses, if offered at trial, are inadmissible hearsay in both form and content. Ramada Franchise Sys. v. Royal Vale Hospitality, 2005 U.S. Dist. LEXIS 8367, *32 (N.D. Ill. 2005).

Also, It has long been recognized that affidavits are ordinarily inadmissible at trials. Goodman v. Ill. Dep't of Fin. & Prof'l Regulation, 430 F.3d 432  439 (7th Cir. 2005); JP Morgan Chase Bank, N.A. v. Heritage Nursing, 2007 U.S. Dist. LEXIS 65904, *19, (N.D. Ill. 2007).

The plaintiff should be barred from introducing Exhibits 13, 14, 24, 25, 26, 27, 28, 29 and 30 because they are hearsay.

**Defendant Mitchell's Motion In Limine #3 To Bar Plaintiff's Exhibit #23**

Plaintiff's proposed trial exhibits also include Exhibit #23 – Facility Directive Number: 04.0032. Exhibit #23 must be barred for several reasons.

First, Exhibit 23 is not signed and there is no basis to confirm whether it was ever put into place. For this reason alone, the document cannot be authenticated and is therefore inadmissible.

Second, while Exhibit 23 has several dates on it, there is no way to ascertain what provisions of Exhibit 23 became applicable when. According to the document, one document was effective on 3/1/03 but the document was revised on 8/1/05 and 5/14/08. However, there is

no way to establish what provisions, if any, were added, removed, or changed from 2003 to 2005 to 2008. There is no witness who can explain what Exhibit 23 said in 2003, or 2005, or 2008. The jury will be forced to speculate about the document's contents. As a result, Exhibit 23 is inadmissible.

Third, there is nothing in Exhibit 23 suggesting, stating, or even inferring that it applies to Dr. Mitchell – an independent contractor. The plaintiff wants to somehow use this document against Dr. Mitchell. However, Dr. Mitchell is not an employee of the DHS and is certainly not responsible for ensuring that DHS residents receive dental care. Exhibit 23 does not identify who at the DHS is responsible for the residents' annual care but there is no evidence, and no witness, who will testify that it is Dr. Mitchell's responsibility. Again, it is inadmissible.

### **Defendant Mitchell's Motion In Limine #4 To Bar Plaintiff's Exhibit #11, Summary Judgment Motions, Related Pleadings And Orders**

The plaintiff's proposed trial exhibits include Exhibit #11 – Dr. Mitchell's Supplemental Motion for Summary Judgment. The plaintiff should be barred from introducing Exhibit #11 at trial as well as the following:

  a. Defendant Dr. Mitchell's Motion for Summary Judgment (Docket No. 117), Plaintiff's Response to the Motion for Summary Judgment (Docket No. 130), and Dr. Mitchell's Reply in Support of her motion for summary judgment (Docket No. 141).
  b. Defendant Dr. Mitchell's Supplemental Motion for Summary Judgment (Docket No. 153), Plaintiff's Response to the Supplemental Motion for Summary Judgment (Docket No. 155), and Dr. Mitchell's Reply in Support of her Supplemental Motion for Summary Judgment (Docket No. none) – we did not file a reply.
  c. July 27, 2011 Order of Judge Baker ruling on the motions for Summary Judgment. (Docket No. 172)
  d. Any pleadings filed in the Seventh Circuit Court of Appeals.
  e. The Order of the Seventh Circuit of Appeals.

None of the above pleadings and orders are relevant or admissible at trial.  In addition, if the plaintiff introduces one pleading, others will have to be submitted to explain or to counter the plaintiff's allegations.  The trial will spin off into a discussion of non-issues.

Furthermore, if the plaintiff should try to attack Dr. Mitchell with the Affidavit she filed in support of her motion for summary judgment, Dr. Mitchell must be allowed to introduce the July 27, 2011 order of Judge Baker to prove that the plaintiff, as well as the Court, was fully aware of the number of the health care request forms submitted by the plaintiff in 2008.  Judge Baker's order provides:

> "About five months later, on April 30, 2008, the plaintiff submitted a health care request form reporting that the temporary filling in tooth #31 had fallen out that he had never been called back for a permanent filling. "
> 
> "On August 12, 2008, the plaintiff submitted a health care request asking for "a pain killer to handle the pain of a tooth that is now literally falling apart. The dentist has already told me she could not see me again until Sept. some time. I cannot take Motrin as I indicated in the past".

The Court addressed and ruled on the Summary Judgment Motions.  They have no relevance at trial.

**Defendant Mitchell's Motion In Limine # 5 To Bar Plaintiff From Testifying Regarding Any Undisclosed Health Care Request Forms**

To date, the plaintiff has produced a total of seven health care request forms.  However, the plaintiff claims that he filed additional health care request forms that he cannot locate.  The plaintiff must be barred from testifying, suggesting or implying that Dr. Mitchell had any involvement in, or was responsible for, the plaintiff's "missing" health care request forms.  The plaintiff has no evidence that Dr. Mitchell was, in any way, involved in collecting, gathering or storing health care request forms submitted by the Rushville detainees.  If the plaintiff has a

complaint about the collection, gathering, distribution or storage of health care request forms that complaint does not lie with Dr. Mitchell.

### Defendant Mitchell's Motion In Limine #6 To Bar Non-Party Testimony Regarding Their Own Treatment

The Plaintiff may assert that he will call non-party witnesses at trial including, but not limited to, Floyd Hannel and Kevin Stanbridge.[1]  Each of the Plaintiff's potential friend-witnesses are detained in the Rushville Treatment and Detention Facility pursuant to the Illinois Sexually Violent Persons Act.

Dr. Mitchell is the only dentist hired by Wexford Health Services to work at Rushville. She is responsible for providing dental treatment to each resident at Rushville, including the Plaintiff's non-party witnesses.  The plaintiff's non-party friend-witnesses should be barred from testifying as to their own dental treatment by Dr. Mitchell. The dental treatment of non-party witnesses is simply not relevant to whether Dr. Mitchell was deliberately indifferent to the Plaintiff's serious dental condition. *See* In re Levi, 2009 U.S. Dist. LEXIS 80762 at *16-17 (C.D. Ill.) (Denying the Rushville resident's motion to compel the defendant security aide to produce all past grievances filed against him, noting that past grievances would not be admissible at trial because the defendant's treatment of different residents in different situations was not relevant to the defendant's treatment of the plaintiff); Robenhorst v. Dematic Corp., 2008 U.S. Dist. LEXIS 30040 at *9 (N.D. Ill.) (Granting the plaintiff's motion in limine to exclude evidence regarding any health condition, care or treatment sought or received by the plaintiff's wife or family, as they are non-party witnesses whose health condition was not at issue).

Evidence of another resident's dental treatment by Dr. Mitchell is also inadmissible because any probative value would be substantially outweighed by the danger of confusion of the

---

[1] The plaintiff refuses to inform Dr. Mitchell's attorney about the identity of his witnesses for inclusion with this Court's pre-trial order.

issues, misleading the jury, considerations of undue delay, or by waste of time. Fed. R. Evid. 403. "Admission of other purported mistreatment of other residents would produce endless mini-trials within this trial." Levi, 2009 U.S. Dist. LEXIS at *17.

Accordingly, any non-party witnesses should be barred from testifying regarding their dental treatment by Dr. Mitchell.

### Defendant Dr. Mitchell's Motion In Limine #7 To The Plaintiff From Asserting That Dr. Mitchell Caused Or Contributed To Cause The Need To Extract Any Teeth

To establish a constitutional violation based on a delay in receiving dental care, the detainee must submit verifying dental evidence showing the detrimental effect of the alleged delay.   Langston v. Peters, 100 F.3d 1235, 1240 (7th Cir. 1996); Martin v. Taylor, 845 F.2d 1451, 1458 (7th Cir. 1988).

In this case, the plaintiff has not disclosed any expert witnesses to testify in this case. As such, the plaintiff does not have any verifying dental evidence to show that any alleged treatment by Dr. Mitchell caused or contributed to cause the need to extract his teeth.

For the foregoing reasons, the plaintiff should be barred from asserting that Dr. Mitchell caused or contributed to cause the need to extract any of his teeth.

### Defendant Mitchell's Motion In Limine #8 To Bar Evidence Or Testimony Related To Defendant Mitchell's Law Firm

Admission of evidence or argument regarding the size of Weldon-Linne and Vogt, the number of attorneys employed, or the nature of its practice or clientele has absolutely no relevance to the issues pending before this Court.  The introduction of such information is prejudicial to Dr. Mitchell and would prevent Dr. Mitchell from receiving a fair and impartial trial on the merits.  Dr. Mitchell hereby moves this Court for an Order excluding any and all evidence, references to evidence, testimony or argument relating to the Defendant's law firm.

8

**Defendant Mitchell's Motion In Limine #9 To Bar Plaintiff's Exhibit #8**

Plaintiff's proposed trial exhibits also include Exhibit #8 – Treatment and Detention Facility Resident Grievance Procedures Effective June 2006. Exhibit #8 must be barred as it is not signed or authenticated and there is no basis to confirm whether it was ever put into place. For this reason alone, the document cannot be authenticated and is therefore inadmissible.

Also, there is no definition for what a "medical decision" is and whether a "medical decision" includes dental treatment. There is no evidence, other than the plaintiff's own allegations, that Exhibit #8 applies to dental treatment. For this reason, there is no foundation and Exhibit #8 is inadmissible.

WHEREFORE, Dr. Mitchell, respectfully requests that the plaintiff and his attorneys and witnesses be barred from suggesting that any alleged delay in treating the plaintiff's teeth caused or contributed to the need to extract his teeth.

Respectfully submitted,

**WELDON-LINNE & VOGT**

By: ___/s/ Robert P. Vogt_____
    Robert P. Vogt

**WELDON-LINNE & VOGT**
20 S. Clark Street, Suite 2050
Chicago, Illinois 60603
(312) 236-5151
Trial/Def's Motions in Limine

9

140-1524　　　　　　　　　　　　　RPV/BSC　　　　　　　　　　　　　#6191112

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. SMEGO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Court No.: 08-3142 |
| | ) Judge Myerscough |
| | ) |
| DR. JACQUELINE MITCHELL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **June 9, 2014,** I electronically filed **DR. MITCHELL'S MOTION IN LIMINE #1-9**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

and hereby certify that on **June 9, 2014** I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Richard M Smego
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

　　　　　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　**WELDON-LINNE & VOGT**

　　　　　　　　　　　　　　　　　　　　By: /s/ Robert P. Vogt
　　　　　　　　　　　　　　　　　　　　　　Robert P. Vogt

**WELDON-LINNE & VOGT**
20 South Clark
Suite 2050
Chicago, Illinois  60603