140-1524                                              RPV

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINIOS

| | |
|---|---|
| RICHARD M. SMEGO | ) |
| Plaintiff, | ) |
| v. | ) Court No.: 08-3142 |
| | ) Judge Myerscough |
| DR. JACQUELINE MITCHELL, | ) |
| Defendant. | ) |

### DEFENDANT JACQUELINE MITCHELL, D.D.S.'S ADDITIONAL MOTION *IN LIMINE* #10

Defendant DR. JACQUELINE MITCHELL, through her attorneys, ROBERT P. VOGT and WELDON-LINNE & VOGT, moves this Court to enter an order *in limine* barring the Plaintiff and/or any witness from providing testimony, referencing, or introducing any evidence relating to the following:

**Defendant Mitchell's Motion *In Limine* #10: to Bar Plaintiff's Exhibits #33 and 34 and to Exclude Evidence Or Testimony Regarding Other Claims, Lawsuits, Judgments, Settlements, Judicial Statements By Other Judges And Media Accounts Involving Defendant Dr. Mitchell**

On June 13, 2014, the plaintiff filed his additional proposed trial exhibits. The plaintiff disclosed an additional three (3) trial exhibits which included:

a)   Exhibit #32 – Affidavit of Jacqueline Mitchell

b)   Exhibit #33 – Case of Gevas v. Mitchell 10-2740

c)   Exhibit #34 – 1983 Complaint 13-3154 with exhibits consisting of 3 Grievances related to Dr. Mitchell.

1

Evidence or questions regarding other lawsuits (as in plaintiff's proposed trial exhibits #33 and #34) brought against Dr. Mitchell must be barred for several reasons.

First, evidence of other lawsuits is inadmissible under FRE 401 and 402 because it is irrelevant to the claims in this case. Second, lawsuits are inadmissible hearsay under FRE 801 to which no hearsay exception applies. Third, the introduction of other lawsuits amount to impermissible character evidence in violation of FRE 404(b). Finally, under FRE 403, any possible probative value of the evidence of lawsuits is substantially outweighed by the danger of creating unfair prejudice, confusing the issues, misleading the jury, and wasting time.

Dr. Mitchell anticipates that the plaintiff will seek to introduce evidence of other lawsuits (plaintiff's proposed exhibits #33 and #34) in order to cast Dr. Mitchell in a negative light before the jury and to suggest to the jury that Dr. Mitchell should be liable in this case because she has been sued by other inmates or detainees. No other lawsuits have any relevancy to the plaintiff's current claims. Evidence relating to lawsuits cannot make the existence of any material fact in this action more or less probable than it would be without that evidence. Thus, it has no probative value and should be excluded under FED. R. EVID. 401.

The plaintiff carries a heavy burden in attempting to introduce evidence of other lawsuits concerning Dr. Mitchell. When a plaintiff offers evidence of other incidents to show the existence of danger or to show the cause of an accident, the proponent of that evidence bears the burden of showing "that the other accidents occurred under substantially similar circumstances." Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1268 (7th Cir. 1988) (affirming exclusion of evidence of another accident) (citation omitted). *See* also, Johnson v. Ford Motor Co., 988 F.2d 573, 579-80 (5th Cir. 1993) (upholding exclusion of evidence of other claims and lawsuits).

Evidence of other lawsuits regarding Dr. Mitchell and prior medical treatment to other individuals has no probative value because of the unique characteristics of each individual, the alleged ailment, and prescribed treatment. Further, the circumstances of each prior lawsuit are unique. Detainees and inmates have distinct symptoms, social histories, underlying medical and psychiatric conditions and diagnoses, differing uses of other prescription medications, alcohol, and illegal drugs, and distinct sets of alternative causes, preexisting conditions, and specific risk factors.

Accordingly, other lawsuits involving Dr. Mitchell brought by other plaintiffs cannot tend to prove or disprove any fact, issue, or contention in dispute in this case. They are not relevant and accordingly, are not admissible under FRE 401 and 402. <u>Betts v. City of Chicago, Ill.</u>, 784 F. Supp. 2d 1020, 1031 (N.D. Ill. 2011) ("the defendants fifth motion *in limine* is granted insofar as reference to other lawsuits, incidents, and the defendants' disciplinary history is excluded unless the defendants suggest that they are exemplary police officers, in which case the defendants will have opened the door to Betts' presentation of evidence to the contrary."). *See also*, <u>Yellow Bayou Plantation, Inc. v. Shell Chem., Inc.</u>, 491 F.2d 1239, 1243 (5th Cir. 1974) (affirming exclusion of other lawsuits and complaints with "faint probative value and high potential for unfair prejudice").

The fact that Dr. Mitchell may have been a party to other lawsuits is not something that would assist the finder of fact arriving at a decision in this case whether the constitution was violated. Accordingly, it is not relevant and the Court should preclude all references to other lawsuits involving Dr. Mitchell.

Respectfully submitted,

**WELDON-LINNE & VOGT**


By: ___/s/ Robert P. Vogt_____
      Robert P. Vogt

**WELDON-LINNE & VOGT**
20 S. Clark Street, Suite 2050
Chicago, Illinois 60603
(312) 236-5151
Trial/Def's Motions in Limine additional

4

140-1524    RPV/BSC    #6191112

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD M. SMEGO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No.: 08-3142 |
| ) | Judge Myerscough |
| ) | |
| DR. JACQUELINE MITCHELL, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**CERTIFICATE OF SERVICE**

I, Robert P. Vogt, certify that on **June 24, 2014,** I electronically filed **DR. MITCHELL'S ADDITIONAL MOTION IN LIMINE #10**, with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

and hereby certify that on **June 24, 2014** I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Richard M Smego
RUSHVILLE
IL Department of Human Services
Treatment & Detention Facility
RR 1, Box 6A
Rushville, IL 62681

　　　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　**WELDON-LINNE & VOGT**

　　　　　　　　　　　　　　　　By:  /s/ Robert P. Vogt
　　　　　　　　　　　　　　　　　　   Robert P. Vogt

**WELDON-LINNE & VOGT**
20 South Clark
Suite 2050
Chicago, Illinois  60603