E-FILED
Wednesday, 04 February, 2015  09:21:28 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

RICHARD SMEGO,          )
                                 )
                Plaintiff,     )
                                 )     Case No. 08-cv-3142
            v.               )
                                 )     Hon. Sue E. Myerscough
DR. JACQUELINE MITCHELL,   )
                                 )
               Defendant.   )

# PLAINTIFF RICHARD SMEGO'S
# ADDITIONAL PROPOSED JURY INSTRUCTIONS

- 1 -

## 1.  Use of Electronic Technology[1]
## Before Trial:

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines

---

[1] **Authority:** *Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case*, Judicial Conference Committee on Court Administration and Case Management, December 2009, *available at* www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf (last visited July 23, 2013); Amy J. St. Eve & Michael A. Zuckerman, *Ensuring an Impartial Jury in the Age of Social Media*, 11 Duke L. & Tech. Rev. 1, 28 n.135 (2012).

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, Blackberries, the internet and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, including Facebook, Google+, My Space, LinkedIn, or YouTube. You may not use any similar technology of social media, even if

I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

I hope that for all of you this case is interesting and noteworthy.

## 2.   Cautionary Instruction Before Recess[2]

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

---

[2] **Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 2.01 (2009 rev.)

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

### 3.  Use of Electronic Technology[3]

### At the Close of the Case:

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words,

---

[3] **Authority:** *Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case*, Judicial Conference Committee on Court Administration and Case Management, December 2009, available at www.uscourts.gov/uscourts/News/2012/jury-instructions.pdf (last visited July 23, 2013); Amy J. St. Eve & Michael A. Zuckerman, *Ensuring an Impartial Jury in the Age of Social Media*, 11 Duke L. & Tech. Rev. 1, 28 n.135 (2012).

**Given:**  _____

**Denied:**  _____

**Reserved:**  _____

**Withdrawn:**  _____

**Agreed:**  _____

**Disputed:**  x_____

**Written Objection:**

you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information

known only by you and not your fellow jurors or the parties

in the case. This would unfairly and adversely impact the

judicial process.

## 4.   All Litigants Equal Before The Law[4]

In this case the plaintiff is civilly committed at a treatment and detention facility.  All parties are equal before the law.  A person who is civilly committed at a treatment and detention facility is entitled to the same fair consideration that you would give any individual person.

---

[4] **Authority:**       *Federal Civil Jury Instructions of the Seventh Circuit* § 1.03 (2009 rev.) (modified to change "corporation" to "person who is civilly committed at a treatment and detention facility"); Jury Instructions at 8, *Stanbridge v. Mitchell,* No. 3:10-cv-03008-SEM-BGC (May 24, 2012)

**Given:**              _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed:**             _____
**Disputed:**           x_____
**Written Objection:**

## 5.   Redactions[5]

You may notice that an exhibit has been blacked out or whited out — this is called "redaction." Any redactions were ordered by the Court for a variety of reasons, including that the redacted information is unrelated to the case or the information is not admissible. You should not guess what has been redacted, and the redaction should not affect your consideration of the evidence at all.

---

[5] **Authority:** *Evans v. Katalinic,* No. 04 C 3570, 2006 WL 3825727 (N.D. Ill. Aug. 3, 2006)
**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

## 6.   Prior Inconsistent Statements or Acts[6]

You may consider statements given by a party or witness under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

---

[6] **Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 1.14 (2009 rev.) (modified with "or she" and "or her")

**Given:**          _____
**Denied:**         _____
**Reserved:**       _____
**Withdrawn:**      _____
**Agreed:**         _____
**Disputed:**       x_____
**Written Objection:**

In considering a prior inconsistent statements or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

## 7.   Use of Interrogatories[7]

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

---

[7] **Authority:**      *Federal Civil Jury Instructions of the Seventh Circuit* § 2.09 (2009 rev.)

**Given:**          _____
**Denied:**         _____
**Reserved:**       _____
**Withdrawn:**      _____
**Agreed:**         _____
**Disputed:**       x_____
**Written Objection:**

## 8.   Expert Witnesses[8]

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

---

[8] **Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 1.21 (2009 rev.)

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

## 9. Fourteenth Amendment: Failure To Provide Medical or Dental Attention - Elements[9]

To succeed on his claim, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. Plaintiff had a serious medical or dental need;

2. Defendant was deliberately indifferent to Plaintiff's serious medical or dental need; and

3. Defendant's conduct caused harm to Plaintiff.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you should find for Plaintiff, and go on to consider the question of damages. If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance

---

[9] **Authority:**     *Federal Civil Jury Instructions of the Seventh Circuit* § 7.12 (2009 rev.) (modified to remove "failure to provide medical attention" and add "or dental")

**Given:**         _____

**Denied:**        _____

**Reserved:**      _____

**Withdrawn:**     _____

**Agreed:**        _____

**Disputed:**      x_____

**Written Objection:**

of the evidence, then you should find for Defendant, and you will not consider the question of damages.

## 10. Fourteenth Amendment: Failure to Provide Medical or Dental Attention - Definition of "Serious Medical or Dental Need"[10]

When I use the term "serious medical or dental need," I mean a condition that a doctor or dentist says requires treatment, or something so obvious that even someone who is not a doctor or dentist would recognize it as requiring treatment. In deciding whether a medical or dental need is serious, you should consider the following factors:

—the severity of the condition;

—the harm including pain and suffering that could result from a lack of medical or dental care;

—whether providing treatment was feasible; and

—the actual harm caused by the lack of medical or dental care.

---

[10] **Authority:**      *Federal Civil Jury Instructions of the Seventh Circuit* § 7.13 (2009 rev.) (modified to add "or dentist" and "or dental")

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

## 11.  Serious Medical or Dental Need[11]

A "serious medical or dental need" can be a need that a reasonable doctor or patient would find important and worthy of comment or treatment.

---

[11] **Authority:**        *Hayes v. Snyder,* 546 F.3d 516, 523–24 (7th Cir. 2008); *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997); *Blankenship v. Obaisi,* 443 Fed. App'x 205, 208 (7th Cir. 2011).

**Given:**         _____
**Denied:**         _____
**Reserved:**         _____
**Withdrawn:**         _____
**Agreed:**         _____
**Disputed:**      x_____
**Written Objection:**

## 12. Fourteenth Amendment: Failure to Provide Medical or Dental Care - Definition of "Deliberately Indifferent"[12]

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm or specific harm to Plaintiff's health, and that Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical for her to take corrective action.

---

[12] **Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 7.14 (2009 rev.) (modified with "her")

**Given:**          _____
**Denied:**          _____
**Reserved:**        _____
**Withdrawn:**       _____
**Agreed:**          _____
**Disputed:**        x_____
**Written Objection:**

### 13. Deliberate Indifference[13]

A dentist can be deliberately indifferent when her conduct was a substantial departure from accepted professional judgment, practice, or standards in the care and treatment of the patient.

---

[13] **Authority:**        *Youngberg v. Romeo*, 457 U.S. 307, 323 (1982); *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003) (applying *Youngberg* "professional judgment" standard to a civil detainee under the Illinois Sexually Violent Persons Commitment Act); *West v. Schwebke*, 333 F.3d 745, 749 (7th Cir. 2003) (applying *Youngberg* "professional judgment" standard to a civil detainee under the Wisconsin Sexually Violent Persons Commitment Act)

**Given:**             _____
**Denied:**            _____
**Reserved:**          _____
**Withdrawn:**         _____
**Agreed:**            _____
**Disputed:**          x_____
**Written Objection:**

## 14. Circumstantial Evidence[14]

You have heard evidence about whether Defendant scheduled treatment of the Plaintiff's cavities. This evidence is circumstantial evidence of the need for treatment. You should decide how much weight to give to this evidence. In reaching your verdict, you should consider all the evidence in the case, including this circumstantial evidence.

---

[14] **Authority:** *Smego v. Mitchell*, 723 F.3d 752, 756 (7th Cir. 2013); *see also Federal Civil Jury Instructions of the Seventh Circuit* §§ 1.12, 7.04 (2009 rev.)

**Given:**          _____
**Denied:**          _____
**Reserved:**          _____
**Withdrawn:**          _____
**Agreed:**          _____
**Disputed:**          x_____
**Written Objection:**

## 15. Deliberate Indifference[15]

You have heard evidence about whether Defendant prescribed medicine that caused Plaintiff to experience pain.  A dentist can be deliberately indifferent when she persists in an ineffective treatment for a serious medical or dental need. Prescribing medicine that causes a patient to experience pain can meet this standard.

---

[15] **Authority:**        *Smego v. Mitchell*, 723 F.3d 752, 758 (7th Cir. 2013) (citations omitted); *see also Federal Civil Jury Instructions of the Seventh Circuit* § 7.04 (2009 rev.)

**Given:**          _____
**Denied:**         _____
**Reserved:**       _____
**Withdrawn:**      _____
**Agreed:**         _____
**Disputed:**       x_____
**Written Objection:**

## 16. Deliberate Indifference[16]

You have heard evidence about whether Defendant had a pattern of long delays in treatment. A dentist can be deliberately indifferent when she persists in an ineffective treatment for a serious medical or dental need. A pattern of long delays in treatment can meet this standard.

---

[16] **Authority:**     *Smego v. Mitchell*, 723 F.3d 752, 757-58 (7th Cir. 2013) (citations omitted); *see also Federal Civil Jury Instructions of the Seventh Circuit* § 7.04 (2009 rev.)

**Given:**          _____
**Denied:**         _____
**Reserved:**       _____
**Withdrawn:**      _____
**Agreed:**         _____
**Disputed:**       x_____
**Written Objection:**

## 17. Limiting Instruction Concerning Evidence OF Statutes, Administrative Rules, Regulations, and Policies[17]

You have heard evidence about whether Defendant's conduct complied with a state administrative directive. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant was deliberately indifferent, not whether a state administrative directive might have been complied with.

---

[17] **Authority:** *Federal Civil Jury Instructions of the Seventh Circuit* § 7.04 (2009 rev.)

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

## 18. Causation[18]

Injury or damage is caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act in the natural or probable course of events brought about the injury or damage and the injury or damage was of such a character that an ordinarily prudent person could reasonably foresee it as being likely to occur.

This does not mean that the law recognizes only one proximate cause for an injury or damage. On the contrary, many factors or things or the conduct of two or more persons may operate at the same time, either independently or together, to cause injury or damage. In such a case each may be a cause.

---

[18] **Authority:** *Beard v. Mitchell*, 604 F.2d 485, 496-97 (7th Cir. 1979) (affirming jury instruction); *Paine v. Johnson*, No. 06 C 3173, 2008 WL 4890269, at *15 (N.D. Ill. Nov. 7, 2008) (quoting and applying *Beard* causation standard)

**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:** x_____
**Written Objection:**

## 19.  Civil Commitment[19]

People who are civilly committed enjoy constitutionally protected interests in conditions of reasonable care.

People who are civilly committed in a treatment and detention facility are entitled to more considerate treatment and better conditions of confinement than people who are criminally convicted in a prison and whose conditions of confinement are designed to punish.

---

[19] **Authority:**      *Youngberg v. Romeo*, 457 U.S. 307, 322, 324 (1982); *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012) (applying *Youngberg* and "conditions of reasonable care" standard to a civil detainee under the Illinois Sexually Violent Persons Commitment Act); *West v. Schwebke*, 333 F.3d 745, 749 (7th Cir. 2003) (applying *Youngberg* under the Wisconsin Sexually Violent Persons Commitment Act); *Belbachir v. County of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013); *Bell v. Caskey*, No. 14-3037-SEM, 2014 WL 1287172, at *2 (C.D. Ill. Mar. 31, 2014) (applying *Youngberg* and the "conditions of reasonable care" standard to a civil detainee under the Illinois Sexually Violent Persons Commitment Act); *see also Kingsley v. Hendrickson*, 744 F.3d 443, 449 (7th Cir. 2014), *cert. granted*, No. 14-6368, 2015 WL 213653 (Jan. 16, 2015)

**Given:**              _____
**Denied:**             _____
**Reserved:**           _____
**Withdrawn:**          _____
**Agreed:**             _____
**Disputed:**           x_____
**Written Objection:**

## 20.  Damages: Compensatory[20]

If you find in favor of Plaintiff, then you must
determine the amount of money that will fairly compensate
Plaintiff for any injury that you find he sustained and is
reasonably certain to sustain in the future as a direct
result of the failure to provide plaintiff with dental or
medical care. These are called "compensatory damages"

Plaintiff must prove his damages by a preponderance
of the evidence. Your award must be based on evidence and
not speculation or guesswork. This does not mean,
however, that compensatory damages are restricted to the
actual loss of money; they include both the physical and
mental aspects of injury, even if they are not easy to

---

[20] **Authority:**        *Federal Civil Jury Instructions of the Seventh Circuit* § 7.23
(2009 rev.) (modified to add "or dental" and modified to remove "and mental
and emotional")
**Given:** _____
**Denied:** _____
**Reserved:** _____
**Withdrawn:** _____
**Agreed:** _____
**Disputed:**      x_____
**Written Objection:**

measure. You should consider the following types of compensatory damages, and no others:

1.   The reasonable value of medical or dental care and supplies that Plaintiff reasonably needed and actually received as well as the present value of the care and supplies that he is reasonably certain to need and receive in the future.

2.   The physical pain and suffering that Plaintiff has experienced and is reasonably certain to experience in the future. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that the plaintiff has failed to prove compensatory damages, you must

return a verdict for Plaintiff in the amount of one dollar

($1.00).

## 21.  Damages: Punitive[21]

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that her conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of

---

[21] **Authority:**  *Federal Civil Jury Instructions of the Seventh Circuit* § 7.24 (2009 rev.)

**Given:**    _____

**Denied:**    _____

**Reserved:**    _____

**Withdrawn:**    _____

**Agreed:**    _____

**Disputed:**    x_____

**Written Objection:**

Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

—the reprehensibility of Defendant's conduct;

—the impact of Defendant's conduct on Plaintiff;

—the relationship between Plaintiff and Defendant;

—the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

—Defendant's financial condition;

—the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.