UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RICHARD M. SMEGO, )
)
)
Plaintiff, )
)
) 08-CV-3142
v. )
)
)
DR. JACQUELINE MITCHELL, )
)
DEFENDANT. )

## ORDER

This order memorializes the Court's rulings from the final pretrial conference held on February 9, 2015.

**IT IS ORDERED:**

1) **Plaintiff's motion in limine to exclude Dr. Dovgan's testimony is granted (320). Defendant was to submit to Plaintiff's counsel a new expert report from Dr. Dovgan by February 13, 2015. Dr. Dovgan was to make himself available for a video deposition regarding that new report, at some time before trial that is agreeable to Plaintiff's counsel.**

Expert testimony must be relevant and based on "sufficient facts or data." Stollings v. Ryobi Technologies, Inc., 725 F.3d 753, 765 (7th Cir. 2013); Fed. R. Evid. 702. The purpose of expert

testimony is to help the jury "with technical issues that laypeople would have difficulty resolving on their own." Stollings, 725 F.3d at 765; Fed. R. Evid. 702.

Dr. Dovgan opines that that "Dr. Mitchell treated Mr. Smego in a timely fashion according to Illinois Department of Corrections Administrative guidelines." (Dr. Dovgan Report, Section B.) Correctional standards do not apply here because Plaintiff is civilly committed—Plaintiff is not serving a conviction in prison. Reliance on correctional standards is not only incorrect but would be confusing to the jury and prejudicial to Plaintiff. The Department of Human Services has its own directives which apply to the Rushville Treatment and Detention Center. If Dr. Dovgan chooses to rely on directives, he must rely on the directives and standards of the facility in which Plaintiff is civilly committed.

Dr. Dovgan also recites the wrong legal standard—this is not an Eighth Amendment case. In any event, Dr. Dovgan should not be citing legal standards because he cannot opine on the legal conclusion of whether Dr. Mitchell was deliberately indifferent or whether Plaintiff's needs were "serious" as defined by the applicable legal standard. King v. Kramer, 763 F.3d 635, 646 (7th Cir. 2014)(

"'Rules 702 and 704 [of the Federal Rules of Evidence] prohibit experts from offering opinions about legal issues that will determine the outcome of a case.'")(quoted cite omitted).  For example, Dr. Dovgan cannot opine that a "serious need" with regard to pain is only pain uncontrollable with narcotics.  That is not the legal definition of serious medical need, and the testimony would confuse the jury and prejudice Plaintiff.  Observations about objective clinical correlations regarding reported pain may be proper, but a conclusion about Mr. Smego's truthfulness or the actual pain Mr. Smego subjectively experienced are not unless the expert has examined Mr. Smego.

Dr. Dovgan also cannot opine on factual disputes for the jury, such as whether Dr. Mitchell had any control over wait times, whether Mr. Smego has an allergy to Motrin, whether Mr. Smego could obtain dental care through avenues other than submitting health care requests, whether Mr. Smego's pain was severe enough to rise to the level of a serious need, what Dr. Mitchell subjectively knew, or Wexford's attempts at hiring more dentists.  Dr. Dovgan's current report is primarily legal argument, not an expert opinion.

2) **Plaintiff's motion in limine # 2 is granted (conviction/bad acts).**

3) **Plaintiff's motion in limine # 3 (corporate fault) is denied.**

4) **Plaintiff's motion in limine # 4 (meeting contract obligations) is denied.**

5) **Plaintiff's motion in limine # 5 (Dr. Mitchell testifying as expert) is denied, with leave to renew.** A treating professional may testify as an expert, without submitting an expert's report, "if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation." EEOC v. Autozone, Inc. , 707F.3d 824, 833 (7th Cir. 2013)(affirming admission of treating doctor's testimony where medical opinions not formed for purposes of litigation, doctor had been treating plaintiff for years before litigation, and testimony focused on treatment).

6) **Plaintiff's motion in limine # 6 (hiring attempts) is granted to the extent the motion seeks to exclude testimony about Wexford's hiring efforts.** Dr. Mitchell can testify to what she knows personally, such as whether she notified Wexford of insufficient staffing.

7) **Plaintiff's motion in limine #7 (other lawsuits) is granted as to both parties.**

8) **Plaintiff's motion in limine #8 (grievances/requests unrelated to dental care) is granted, unless relevance can be shown in a side bar.**

9) **Plaintiff's motion in limine # 9 (disparagement) is granted.**

10) **Plaintiff's motion in limine # 10 (methamphetamine) is granted.**

11)    **Dr. Mitchell's motion to compel Plaintiff to answer deposition questions is granted (314).**  The parties shall arrange for Mr. Smego to answer those questions by February 20, 2015.

12)    **Dr. Mitchell's motion in limine # 1 (therapy notes) is denied.**  Portions of the notes unrelated to Smego's dental complaints shall be redacted.

13)    **Dr. Mitchell's motion in limine # 2 (letters/interrogatories) is granted, with leave to revisit at the trial.**

14)    **Dr. Mitchell's motions in limine ## 3 and 4 (directives) are denied.**

15)    **Dr. Mitchell's motion in limine # 5 (missing requests) is denied.**

16)    **Dr. Mitchell's motion in limine # 6 (other residents' treatment) is denied, with leave to renew.**  Dr. Mitchell's prior testimony may be used for impeachment purposes.

17)    **Dr. Mitchell's motions in limine 7 & 8 (salary and income) are denied (7, 8).**

18)    **Dr. Mitchell's motion in limine # 9 (dental hygiene supplies) is denied.**

19)    **Dr. Mitchell's motion in limine # 10 (Vance testimony) is denied.**

20)    **Dr. Mitchell's motion in limine # 11 (Walker-Lowe testimony) is denied with leave to renew.**

21)    **Dr. Mitchell's motion in limine # 12 (off-site care) is denied.**

**22)** Dr. Mitchell's motion in limine 13 is granted, with leave to revisit at the trial.

**23)** Dr. Mitchell's motion in limine #14 (April 2003 job) is denied as moot.

ENTERED:
FOR THE COURT:

                                                                     **s/Sue E. Myerscough**
                                                     SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE