# PRELIMINARY JURY INSTRUCTIONS

Members of the jury: Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

## *Duty of the jury*

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

Court's Instruction No. 1

*Evidence*

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is

received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's

testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

Court's Instruction No. 2

*Summary of applicable law*

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements that Plaintiff must prove by a preponderance of the evidence.

When I say something must be proved by a "preponderance of the evidence," I mean that, when you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

### *What Plaintiff must prove*

To succeed on his claim, Plaintiff must prove each of the following things by a preponderance of evidence:

1. Plaintiff had a serious medical or dental need;

2. Defendant was deliberately indifferent to Plaintiff's serious medical or dental need; and

3. Defendant's conduct caused harm to Plaintiff.

## *Definition of serious medical or dental need*

When I use the term "serious medical or dental need," I mean a condition that a doctor or dentist says requires treatment, or something so obvious that even someone who is not a doctor or dentist would recognize it as requiring treatment. In deciding whether a medical or dental need is serious, you should consider the following factors:

—the severity of the condition;

—the harm, including pain and suffering, that could result from a lack of medical or dental care;

—whether providing treatment was feasible; and,

—the actual harm caused by the lack of medical or dental care.

### *Definition of Deliberate Indifference*

When I use the term "deliberately indifferent," I mean that Defendant actually knew of a substantial risk of serious harm to Plaintiff's dental or medical health, and that Defendant consciously disregarded that risk by failing to take reasonable measures to deal with it. In deciding whether Defendant failed to take reasonable measures, you may consider whether it was practical or possible for her to take corrective action. Deliberate indifference is intentional or reckless conduct, not negligence.

A delay in providing effective treatment may amount to deliberate indifference where the delay causes prolonged and unnecessary pain. Deliberate indifference may also arise when the treatment decision is such a substantial departure from accepted professional judgment, practice, or standards that the decision is not based on professional judgment.

If you find that Defendant strongly suspected that things were not as they seemed, yet shut her eyes for fear of what she would learn, you may conclude that she was deliberately

indifferent. You may not conclude that Defendant was deliberately indifferent if she was merely careless in failing to discover the truth.

## *Conduct of the jury*

Now, a few words about your conduct as jurors.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals involved in the case.

In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I know that

many of you use cell phones, Blackberries, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Twitter, or through any blog or website, including Facebook, Google+, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

I hope that for all of you this case is interesting and noteworthy.

Court's Instruction No. 5

*Note Taking*

If you want to take notes during the course of the trial, you may do so. However, it is difficult to take detailed notes and pay attention to what the witnesses are saying at the same time. If you do take notes, be sure that your note taking does not interfere with your listening to and considering all of the evidence. Also, if you do take notes, do not discuss them with anyone before you begin your deliberations.

Do not take your notes with you at the end of the day—be sure to leave them in your seat in the courtroom.  Be sure to put your name on the outside of the notebook and the envelope so that we are able to pair up the proper note pad with the proper envelope and juror.  Your notes will not be seen or read by anyone, and they will be destroyed at the end of the case.

If you choose *not* to take notes, remember that it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We

depend on the judgment of all members of the jury; you all must remember the evidence in this case. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Court's Instruction No. 6

*Asking Questions of Witnesses*

During this trial, you may be permitted to ask questions of witnesses, but you must follow the procedures that I describe:

If you have a question for a witness and you believe the answer would be helpful to you in understanding the case, then after the lawyers have completed their questions, but before that witness is excused, I will give you a chance to submit your question in writing. You should not write your name or juror number with the question. Also, you should not discuss your questions with your fellow jurors at this time.

You may submit one or more questions or no question at all. It is up to you. Please keep in mind, though, that you should only ask a question if you think it is important to your ability to decide the issues in this case fairly. You should be sure you are asking a question and not making a comment. You should not use your questions to argue with a witness or to express opinions about a witness's testimony. Your role is to be an impartial fact-finder.

The purpose of your question should be to clarify testimony that you have not understood or that has failed to address a factual question that you believe is important.

You will pass your questions to the first juror in the box. After the bailiff has collected the pieces of paper and given them to me, I will decide whether the law allows the question to be asked of the witness. Not all questions can be asked or asked using the wording that was submitted. The rules of evidence might not permit me to ask your question. You shall not concern yourself with the reason for the exclusion or modification of any question submitted. If I cannot ask your question or if I rephrase it, please do not be offended and do not let it affect your judgment of the evidence or the witness in any way.

If the question is allowed, I will ask the question of the witness and the attorneys may then ask some follow-up questions. Please do not speak directly to me, the lawyers, or the witnesses.

Court's Instruction No. 7

## *Course of the trial*

The trial will now begin. The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence. After the evidence has been presented, I will instruct you on the law that applies to the case, and the attorneys will make closing arguments. After that, you will go to the jury room to deliberate on your verdict.