UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

RICHARD M. SMEGO, )
)
)
Plaintiff, )
)
) 08-CV-3142
v. )
)
)
DR. JACQUELINE MITCHELL, )
)
Defendant. )

## ORDER

This order explains in further detail the Court's oral ruling on the first day of trial, denying Plaintiff's renewed motion in limine to exclude Defendant's witness, Dr. Dovgan.

Federal Rule of Evidence 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

The Court's role is one of gatekeeper: ensuring that expert testimony is relevant and reliable before its admission. <u>Stuhlmacher v. Home Depot U.S.A., Inc.</u>, 774 F.3d 405 (7th Cir. 2014).

Dr. Dovgan's revised report suffers from many of the same problems as his original report. In particular, much of the report reads like a closing argument, concerning facts which the jury does not need expert help in determining and facts that are simply not applicable to this case. Dr. Dovgan's testimony also still relies on his experience regarding the provision of dental services in prisons. Plaintiff is not in prison, and the directives governing the provision of dental care at Rushville are different from the directives governing the Illinois Department of Corrections.

These concerns led the Court to hear Dr. Dovgan's testimony outside the presence of the jury. Dr. Dovgan appeared by video conference on the first day of the trial, and

Defendant's counsel proceeded to question Dr. Dovgan about his experience and the testimony Dr. Dovgan will give at trial.

After hearing Dr. Dovgan's testimony, the Court concludes that the weaknesses in Dr. Dovgan's approach are weaknesses for the Plaintiff to explore on cross-examination. Dr. Dovgan is qualified to opine on the diagnosis and treatment of cavities and other dental problems. He has reviewed Plaintiff's records and all the relevant depositions in this case. The relevance of his testimony about dental care and dental procedures in prisons is questionable, but the parties seem to agree that Plaintiff's expert also relies in part on dental services provided in prison. Plaintiff has already submitted evidence on the Department of Human Services directives that apply and can cross-examine Dr. Dovgan about his knowledge of those directives and their application. Similarly, Dr. Dovgan's conclusion that Dr. Mitchell's care was timely solely based on her response to three health care requests is not very helpful to the jury, since the testimony ignores that Dr. Mitchell herself identified the cavities in 2005. However, Plaintiff has already deftly made that point

throughout the trial and may easily do so again through cross-examination.  Striking Dr. Dovgan as an expert would exceed the Court's gatekeeping role, in the Court's opinion.

The Court stresses that Dr. Dovgan's testimony is being allowed based on the testimony he gave to the Court by video, not on his revised expert report.  Additionally, Plaintiff's counsel is free to raise foundation and other objections to Dr. Dovgan's particular testimony at the trial.

**IT IS 0RDERED that Plaintiff's renewed motion to exclude Dr. Dovgan's testimony is denied (340).**

**IT IS FURTHER ORDERED that the court reporter is directed to prepare and file a transcript of Dr. Dovgan's testimony before the Court on February 24, 2015.**

ENTERED:  February 26, 2015
FOR THE COURT:

                              **s/Sue E. Myerscough**
                              SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE