E-FILED
Wednesday, 29 July, 2015  01:04:23 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Richard M. Smego, | ) |
| *Plaintiff,* | ) |
| | ) No. 08-cv-3142 |
| -vs- | ) |
| | ) *(Judge Myerscough)* |
| Dr Jacqueline Mitchell, | ) |
| *Defendant.* | ) |

## PETITION TO INTERVENE TO COMPEL COMPLIANCE WITH RULE 26(b)(4)(E)

Petitioner Dr. Jay Shulman, by counsel, respectfully seeks to intervene to compel compliance with Federal Rule of Civil Procedure 26(b)(4)(E)(i), under which "the court must require that the party seeking discovery . . . pay the expert a reasonable fee for time spent in responding to discovery."

Grounds for this petition are as follows:

1.  Petitioner was retained by plaintiff's counsel to provide expert services in this case.

2.  After petitioner had prepared the report required by Rule 26 of the Federal Rules of Civil Procedure, he submitted to a deposition taken by defendant in Dallas, Texas on January 31, 2015. Petitioner spent 6 hours preparing for the deposition and devoted a full day to the exclusion of other work to testify at his deposition. A copy of that invoice, in the

amount of $4,300, showing petitioner's time spent in connection with the deposition, which has yet to be paid, is attached in the Addendum, *infra*, 1.

3. In accordance with the instructions of plaintiff's counsel, petitioner submitted his bill to plaintiff's counsel on February 1, 2015. Plaintiff's counsel conveyed the invoice to defense counsel on February 2, 2015. (Addendum, *infra*, 2.)

4. After petitioner made several inquires to defense counsel about payment (Addendum, *infra*, 3, 4), defense counsel advised petitioner to contact plaintiff's attorney because "the parties simply agreed to each pay their own expert." (Addendum, *infra*, 5.)

5. After plaintiff's counsel denied the existence of any such agreement (Addendum, *infra*, 6), defense counsel reiterated his understanding that "each side would be responsible for paying their own experts' fees associated with having the experts provide their depositions." (Addendum, *infra*, 8.) Plaintiff's counsel has continued to deny the existence of any such agreement. (Addendum, *infra*, 10.)

6. Petitioner's undersigned counsel has communicated with Brian Watson, attorney for plaintiff, and Robert Vogt, attorney for defendant, about Dr. Shulman's unpaid bill, and has been unable to secure payment for Dr. Shulman. Defense counsel continues to assert that

plaintiff's counsel agreed to pay Dr. Shulman for the deposition expenses; plaintiff's counsel continues to deny any such agreement.

7.  Rule 26(b)(4)(E)(i) of the Federal Rules of Civil Procedure requires that "[u]nless manifest injustice would result, the court must require that the party seeking discovery:

(i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) …

8.  Petitioner has proceeded in a timely fashion. *Chambers v. Ingram*, 858 F.2d 351, 361 (7th Cir. 1988).

9.  The Court should enforce Rule 26(b)(4)(E)(i), *Gwin v. Am. River Transp. Co.*, 482 F.3d 969, 975 (7th Cir. 2007), and order defendant to pay Dr. Shulman for the time he spent "in responding to discovery."

It is therefore respectfully requested that the Court grant petitioner leave to intervene and that the Court order defendant to reimburse Dr. Shulman for the time he expended in connection with his deposition as set out in Addendum, *infra*, 1, i.e., $4,300.

                                               Respectfully submitted,

                                       /s/ <u>Kenneth N. Flaxman</u>
                                            Kenneth N. Flaxman
                                            ARDC No. 08830399
                                            Joel A. Flaxman
                                            200 S. Michigan Ave., Ste 201
                                            Chicago, Illinois 60604
                                            (312) 427-3200
                                            *attorneys for petitioner*

**ADDENDUM**

■ Hilldale Drive
Dallas, Texas 75231

February 1, 2015

Weldon-Linne & Vogt
20 S. Clark Street, Suite 2050
Chicago, IL 60603

ATTN: Robert P. Vogt, Esq.

Subject: Invoice for attending deposition 1/30/15 in the matter of *Smego v. Mitchell*.

Dear Mr. Vogt,

Please consider this letter an invoice for $1,800 for preparing for your deposition (6 hours) and $2,500 for attending your deposition (1 day) in the above matter.

Sincerely,

*[signature]*

Jay D. Shulman

**From:** "Watson, Brian O." <BWATSON@schiffhardin.com>
**To:** "bvogt@wlv-online.com" <bvogt@wlv-online.com>; "bcampbell@wlv-online.com" <bcampbell@wlv-online.com>
**Sent:** Monday, February 2, 2015 11:53 AM
**Subject:** Smego v. Mitchell

Bob and Bethany,
Attached is Dr. Jay Shulman's invoice due on receipt.
Brian

| **Brian O'Connor Watson** | | | vCard |
| Attorney | | | View Bio |

| | 233 South Wacker Drive | t 312.258.5845 |
| | Suite 6600 | f 312.258.5600 |
| | Chicago, IL 60606 | e bwatson@schiffhardin.com |
| | www.schiffhardin.com | |

**From:** Jay Shulman <jayshulman@sbcglobal.net>
**To:** "bvogt@wlv-online.com" <bvogt@wlv-online.com>
**Sent:** Tuesday, March 17, 2015 10:31 AM
**Subject:** Re: Smego v. Mitchell

Mr. Vogt,

Now that the trial is behind us, I hope you will find the time to attend to the attached invoice for attending your January 30 deposition in the above matter.

I hope all is well with your son.

Jay Shulman

**From:** Jay Shulman [mailto:jayshulman@sbcglobal.net]
**Sent:** Monday, April 13, 2015 11:45 AM
**To:** Robert Vogt
**Cc:** Bethany Campbell
**Subject:** Fw: Smego v. Mitchell

Mr Vogt,

It has been more than 2 months since I sat for a deposition (on 30 January) at your request. The invoice was sent to you by Mr. Watson 2 February and by me 0n 17 March (see included e-mail traffic). I would greatly appreciate payment.

I hope all is well with your son.

Jay Shulman

**From:** Robert Vogt <bvogt@wlv-online.com>
**To:** Jay Shulman <jayshulman@sbcglobal.net>
**Sent:** Monday, April 20, 2015 2:05 PM
**Subject:** RE: Smego v. Mitchell

Dear Dr. Shulman –

Please contact the attorneys who retained you as their expert. As you may recall, we retained Dr. Dovgan and, at the insistence of the plaintiff's attorneys, Dr. Dovgan gave two (2) separate depositions in this case. Because Dr. Dovgan's fees for the first deposition ($3,990.00) and for the second deposition ($3,660.00) exceeded the cost of your deposition, the parties simply agreed to each pay their own expert.

Please call me with any questions.

Thank you.

**Robert P. Vogt, Esq.**

Weldon-Linne & Vogt
20 South Clark Street Suite 2050 Chicago, Illinois 60603
Direct: 312-236-5379, Ext. 13
P: 312-236-5151
F: 312-236-5161
E: bvogt@wlv-online.com
Website: www.wlv-online.com

**From:** "Watson, Brian O." <BWATSON@schiffhardin.com>
**To:** Jay Shulman <jayshulman@sbcglobal.net>
**Sent:** Monday, April 20, 2015 9:10 PM
**Subject:** RE: Smego v. Mitchell

Jay,

I am not aware of this agreement. Mr. Vogt may be confused with another case. Our court-appointed client also was indigent, and under those circumstances, I do not think I would have agreed. Federal Rule 26 has a "manifest injustice" exception, which does not require a party to pay the other's expert. Hope you're well, too.

Brian

| | | |
|---|---|---|
| **Brian O'Connor Watson** <br> Attorney | | vCard <br> View Bio |
| | 233 South Wacker Drive <br> Suite 6600 <br> Chicago, IL 60606 <br> www.schiffhardin.com | t *312.258.5845* <br> f *312.258.5600* <br> e *bwatson@schiffhardin.com* |

From: Jay Shulman <jayshulman@sbcglobal.net>
To: Robert Vogt <bvogt@wlv-online.com>
Cc: Brian O. Watson <bwatson@schiffhardin.com>
Sent: Tuesday, April 21, 2015 9:58 AM
Subject: Fw: Smego v. Mitchell

Mr. Vogt,

Since Mr. Watson has no recollection of the agreement to which you referred (see Watson e-mail below), is it possible you are mistaken? Moreover, I am perplexed that you did not raise this issue in response to Mr. Watson's February 2, 2015 e-mail to which my invoice was attached.

Is it your position that your firm will not pay my invoice and it is the responsibility of Schiff Hardin?

Jay Shulman

**From:** Robert Vogt <bvogt@wlv-online.com>
**To:** "bwatson@schiffhardin.com" <bwatson@schiffhardin.com>
**Cc:** "jayshulman@sbcglobal.net" <jayshulman@sbcglobal.net>
**Sent:** Monday, April 27, 2015 3:41 PM
**Subject:** Smego, Richard v. Jacqueline Mitchell, DDS (WL&V File No.: 140-1524) Expert Payment


April 27, 2015                                                                                          Direct Dial No. (312) 236-5379 Ext. 13

**VIA EMAIL:** bwatson@schiffhardin.com
Brian O'Connor Watson
Schiff Hardin, LLP
233 S. Wacker Dr.
Suite 6600
Chicago, IL  60606

**VIA EMAIL:** jayshulman@sbcglobal.net
Dr. Jay Shulman
9647 Hilldale Drive
Dallas, Texas  75231


Re:     <u>Smego, Richard v. Jacqueline Mitchell, DDS</u>
Court No.:         08-3142
Our File No.:     140-1524

Dear Mr. Watson and Dr. Schulman:

We reached an agreement with Schiff Hardin regarding the payment of expert fees for the depositions in this matter. The agreement called for each side to pay for its own expert fees and this agreement was both fair and reasonable.  Whether Mr. Watson recalls this agreement is something we have no control over.  However, it was and is our understanding that each side would be responsible for paying their own experts' fees associated with having the experts provide their depositions.  In accordance with the agreement, we have not submitted Dr. Dovgan's invoice for his depositions to Schiff Hardin.

In addition, even if Schiff Hardin wanted to try and now back out of its prior agreement, the provisions of Rule 26(b)(4)(E) are clear and would result Schiff Hardin having to pay more as the cost for our expert's depositions exceeded the cost of the deposition of the plaintiff's expert.

Finally, we did not raise this issue in response to your February 2, 2015 email because the agreement was reached after that as the first (of two) of our expert's depositions was taken on February 13, 2015.

Very truly yours,

WELDON-LINNE & VOGT

By: _____
         Robert P. Vogt

RPV/kl
corr/ O'Connor 4.27.15 expert payment

**Robert P. Vogt, Esq.**

Weldon-Linne & Vogt
20 South Clark Street Suite 2050 Chicago Illinois  60603
Direct: 312-236-5379, Ext. 13
P: 312-236-5151
F: 312-236-5161
E: bvogt@wlv-online.com
Website: www.wlv-online.com

From: "Watson, Brian O." <BWATSON@schiffhardin.com>
To: Robert Vogt <bvogt@wlv-online.com>
Cc: "jayshulman@sbcglobal.net" <jayshulman@sbcglobal.net>
Sent: Thursday, April 30, 2015 1:05 PM
Subject: Re: Smego, Richard v. Jacqueline Mitchell, DDS (WL&V File No.: 140-1524) Expert Payment

Bob,

I have no record of any such agreement.  I am currently in a two-week trial so sorry for my delayed response.

Brian

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of July, 2015 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Brian O'Connor Watson, Schiff Hardin, 233 S Wacker Dr, Ste 6600, Chicago, IL 60602 and Robert Vogt, Weldon-Linne & Vogt, 20 South Clark Street  Suite 2050 Chicago, Illinois 60603, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

.

                                               /s/  <u>Kenneth N. Flaxman</u>
                                                    Kenneth N. Flaxman
                                                    ARDC 830399
                                                    200 S Michigan Ave, Ste 201
                                                    Chicago, Illinois 60604
                                                    (312) 427-3200
                                                    *an attorney for petitioner*