140-1524               RPV/ELB               #6191112

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINIOS

| | |
|---|---|
| RICHARD M. SMEGO, ) | |
| Plaintiff, ) | |
| v. ) | Court No.: 08-3142 |
| ) | Judge Myerscough |
| DR. JACQUELINE MITCHELL, ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO DR. JAY SHULMAN'S PETITION TO INTERVENE TO COMPEL COMPLIANCE WITH RULE 26(b)(4)(E)**

Defendant JACQUELINE MITCHELL, D.D.S., through her attorneys, ROBERT P. VOGT of WELDON-LINNE & VOGT, submits this Response to Dr. Jay Shulmans "Petition to Intervene to Compel Compliance with Rule 26(b)(4)(E)."

## A.
## BACKGROUND

The petition in this case has been filed by an attorney who had no involvement in the pre-trial discovery and trial of this case. The attorney has no personal knowledge of any pre-trial discovery agreements that were reached by the attorneys involved. In addition, the petition does not include a copy of the petitioner's agreement with Schiff Hardin nor does the petition include any of the correspondence between the petitioner and Schiff Hardin. Perhaps most telling, the petition was not filed by Schiff Hardin. Schiff Hardin did not file the petition because Schiff Hardin recognizes that there is no factual basis for this petition.

Nonetheless, the history of this case shows that the petitioner was the plaintiff's dental expert who gave his deposition on January 30, 2015. On February 13, 2015, the defense dental

1

expert gave his deposition. During the deposition session of the defendant's expert, the attorneys orally agreed that each would pay their own expert's fees. The defendant's expert's deposition costs were greater than that of the petitioner. The defense expert's deposition cost $5,970.00 while the petitioner's deposition cost $4,300.00.

The matter was seemingly resolved in accordance with the attorney's agreement and the trial went forward several weeks later. After the jury returned its verdict in favor of the defendant, Schiff Hardin apparently decided that it was not going to pay the petitioner for giving his deposition. The reason Schiff Hardin made that decision is unknown. Certainly, if Schiff Hardin was going to deny the existence of the parties' agreement (and Schiff Hardin has not done so instead only saying that they have no "record" of the agreement) Schiff Hardin would know that under Rule 26, if the defense was required to pay for the deposition of the petitioner, Schiff Hardin would likewise be required to pay for the deposition of the defendant's expert.

In the last communication to Schiff Hardin on this issue, the defense explained that if the parties' agreement was going to be ignored, then the law required each side to pay the expert fees of the opposing party. (<u>Addendum</u>, pgs. 11-13). Recognizing the validity of this legal principle, and acknowledging that the costs of the defense expert exceeded that of the petitioner, Schiff Hardin never responded to Weldon-Linne & Vogt's May 1, 2015 proposal and simply left the issue alone.

Not satisfied, the petitioner got another attorney, who had no involvement with any of this, to try and help him. It is important to note that the attorney who filed this petition is not representing the plaintiff. Instead, the attorney is simply trying to gain favor with an expert that the attorney is using in other litigation.

The plaintiff's case is presently pending before the Seventh Circuit with the plaintiff having filed his notice of appeal nearly five (5) months ago on March 23, 2015.

Petitioner Dr. Jay Shulman is not a party to this case and the Petitioner's only connection to this case is that he testified as the plaintiff's expert. The attorney who filed this petition did so because the attorneys who actually retained the petition (Schiff Hardin), refused to do so.

### B.
### THE PETITION TO INTERVENE IS UNTIMELY

It is well-settled that the filing of a notice of appeal "deprives the district court of jurisdiction to consider motions for intervention." *Avoyelles Sportsmen's League v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983); *Armstrong v. Board of School Directors*, 616 F2d 305, 327 (7th Cir. 1979); *Roe v. Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990); *SEC v. Investors Security Corp*. 560 F.2d 561, 568 (3rd Cir. 1977). The filing of a valid notice of appeal divests the district court of its jurisdiction over the case "including its ability to consider a motion to intervene." *Grochocinski v. Mayer Brown*, 2011 U.S. Dist. LEXIS 10288, *3, (N.D.Ill. 2011).

In this case, the jury returned its verdict on March 4, 2015 and the plaintiff filed his notice of appeal on March 23, 2015. The petition to intervene was not filed until over four (4) months *after* the notice of appeal was filed by the plaintiff. Under these circumstances, and in accordance with the precedent set forth above, it is respectfully submitted that this Court lacks the "ability to consider a motion to intervene." *Grochocinski*, 2011 U.S. Dist. LEXIS 10288.

The petition to intervene is untimely and should be denied.

Furthermore, the deposition for which the petitioner is seeking payment occurred on January 30, 2015. No petition, motion or other pleading was filed by the plaintiff's attorneys, or the petitioner, at any time prior to or during the trial of this case. If, in fact, the petitioner believed that he was not being properly paid, the petitioner or the plaintiff's attorneys would

have certainly brought this issue to the Court's attention prior to or during the trial. They did not. In addition, no petition, motion or other pleading was filed by the plaintiff's attorneys or the petitioner prior to the plaintiff's decision to file his notice of appeal on March 23, 2015. Once again, if the petitioner or the plaintiff's attorneys believed that something improper was being done, they would have brought it to this Court's attention prior to the plaintiff filing his notice of appeal. Again, they did not. Instead, the petitioner filed his petition nearly six (6) months after his deposition and over four (4) months after the plaintiff filed his notice of appeal. This is untimely.

It is evident what occurred here. The petitioner was retained by Schiff Hardin. For some reason, Schiff Hardin does not want to pay the petitioner for the fees he allegedly incurred to give his deposition. At the same time, however, Schiff Hardin does not want to pay the defendant's expert for the fees that the defendant's expert incurred in giving his deposition. Schiff Hardin is fully aware that the deposition costs of the defendant's expert are greater than the deposition costs incurred by the petitioner.

There is no explanation, nor is there any evidence presented, as to why the petitioner is not seeking recovery from the attorneys who retained and agreed to pay him. In addition, the petitioner has not submitted, or referred to, the terms of his agreement with Schiff Hardin and the petitioner certainly was not a party to the agreement reached between the Weldon-Linne &Vogt and Schiff Hardin regarding the payment of expert deposition fees.

Perhaps most telling is that the attorneys from Schiff Hardin do not deny the existence of the attorneys' agreement. The exhibits attached to the petition and, in fact, the petition itself do not contest the terms of the attorneys' agreement. Instead, the best that could be pulled together is that the attorneys from Schiff Hardin have no "record" of any such agreement.

4

There is, of course, no need for any "record." During pre-trial discovery, the attorneys reached an oral agreement regarding the payment of expert deposition fees and the defendant, in accordance with that agreement, has fully performed by paying the defense expert for the cost incurred in giving his deposition. Such discovery agreements are often reached between the parties and there was nothing improper about this agreement.

The Courts have long recognized that parties may stipulate "that procedures governing discovery be modified." Fed. R. Civ. Pro. 29(b); *Whitlow v. Martin*, 259 F.R.D. 349, 354 (7th Cir. 2009); *Davis v. City of Springfield*, 2009 U.S. Dist. Lexis 6737 (1st 2009). The Seventh Circuit has specifically recognized that parties can agree to each pay the costs associated with their own experts. *Native Am. Arts, Inc. v. Indio Prods.*, 2012 U.S. Dist. LEXIS 29164, 2012 WL 729291 (Dist. 2012); *Reed v. Binder*, 165 F.R.D. 424, 428 (Dist. 1996). Where an agreement as to the payment of each party's respective expert exists, courts have held that a party who has performed in accordance with the agreement cannot then be required to also pay the costs of the non-performing party's expert. *Native Am. Arts, Inc.*, 2012 U.S. Dist. LEXIS 29164, 2012 WL 729291 (Dist. 2012).

In this case, plaintiff's former counsel, Schiff Hardin, and defense's counsel, Weldon-Linne & Vogt, verbally agreed that they would each pay the deposition costs associated with their own respective experts. In accordance with that agreement, Weldon-Linne & Vogt paid their own expert $5,970.00 for the costs of the deposition requested by Schiff Hardin. The petitioner is now seeking $4,300.00 from Weldon-Linne & Vogt allegedly as payment for his deposition because Schiff Hardin is apparently refusing to pay these costs and has denied having any "record" of the agreement with Weldon-Linne & Vogt. (Addendum, infra 10).

However, if the agreement did not, in fact, exist, it would have been in Weldon-Linne & Vogt's best interests to pay the petitioner in accordance with Rule 26(b)(4)(E), as the costs of the petitioner's deposition was substantially less than that of Weldon-Linne & Vogt's expert. Fed. R. Civ. Pro. 26(b)(4)(E).

In an effort to put this matter to rest, in an email dated May 1, 2015, Mr. Robert Vogt of Weldon-Linne & Vogt suggested that if Schiff Hardin truly did not want to honor the agreement, then each party should simply follow Federal Rule of Civil Procedure 26(b)(4)(E) and pay the costs associated with obtaining discovery from the opposing party's expert. Fed. R. Civ. Pro. 26(b)(4)(E); (Addendum, infra, 11-13).  Needless to say, Schiff Hardin did not respond to this proposal and instead just let things be.

## C.
## **INTERVENTION BY THE PETITIONER IS IMPROPER**

The Petition to Intervene is also improper because the Petitioner fails to satisfy any of the requirements for either intervention as a matter of right or permissive intervention. Federal law permits two forms of intervention—intervention as a matter of right and intervention by permission.

To intervene as a matter of right, a non-party such as the petitioner must satisfy four requirements: "(1) the petition must be timely; (2) the petition must claim an interest relating to the property or transaction which is the subject of the action; (3) the petition must be so situated that the disposition of the action may as a practical matter impair or impede the petitioner's ability to protect that interest; and (4) existing parties must not be adequate representatives of the petitioner's interest." Fed. R. Civ. P. 24(a); *Ligas v. Maram, 478 F.3d 771, 773* (7th Cir. 2011); *Sokaogon Chippewa Community v. Babbitt*, 214 F.3d 941, 944-5 (7th Cir. 2000). Failure to

6

satisfy *any one* of the four factors requiring the denial of the petition to intervene. *Ligas, 478 F.3d 771, 773*.

Permissive intervention, on the other hand, is wholly discretionary and is permitted only upon timely application "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(1); *Sokaogon*, 214 F.3d 941, 949 (7th Cir. 2000). As in intervention as a matter of right, permissive intervention is only proper where the intervention is timely. *Ligas, 478 F.3d 771, 775*.

### D.
### THE PETITIONER CANNOT MEET THE REQUIREMENTS TO INTERVENE AS A MATTER OF RIGHT

In addition to timeliness, the petitioner must show that: (1) he has an interest relating to the property or transaction which is the subject of the action; (2) the petitioner must be so situated that the disposition of the action may, as a practical matter, impair or impede the petitioner's ability to protect that interest; and (3) the existing parties are not adequate representatives of the petitioner's interest. Fed. R. Civ. P. 24(a); *Ligas, 478 F.3d 771, 773*. Failure to satisfy *any one* of these factors will result in denial of the petition to intervene. *Ligas, 478 F.3d 771, 773*.

As previously set forth, the petition is untimely because the petitioner waited almost six months before bringing his petition and some four (4) months after the plaintiff filed his notice of appeal.

Furthermore, the petitioner cannot intervene as a matter of right because he does not satisfy the remaining three factors. First, the petitioner has no interest relating to the property or transaction that is the subject of the plaintiff's claim. The only connection the petitioner has to this case is that he was a witness in the case. The petitioner has no stake in the property or any of

7

the transactions at issue in this case. The petitioner cannot allege that he somehow has an interest in this case—he was just one of several witnesses. Furthermore, the petitioner has no vested interest in the outcome of the case nor does he have an interest in the outcome of the pending appeal.

Second, the petitioner cannot establish that the disposition of this action would impair or impede the applicant's ability to protect that interest. Again, the petitioner has no interest in the outcome of the appeal nor does the disposition of this action impair the petitioner's ability to protect any alleged interest he may have. The petitioner's fee dispute has nothing to do with the plaintiff's claim or the plaintiff's appeal.

Finally, the plaintiff in this matter, Richard Smego, is more than sufficient to represent the petitioner's interest. Mr. Smego is an extremely skilled litigator who has filed twenty-one (21) cases in the District Court. He also has filed six (6) appeals and has two pending appeals. Mr. Smego is very proficient with Court procedures, rules, and customs. He has advanced cases into the Seventh Circuit Court of Appeals and filed briefs pro se. The petitioner has presented no evidence that such a litigator will not sufficiently represent his interests. On the contrary, every indication is that Mr. Smego will be more than adequate in representing the interests of the petitioner.

The petitioner thus cannot satisfy any of the requirements for intervening as a matter of right—(1) the petition is untimely; (2) the petitioner does not claim an interest relating to the property or transaction which is the subject of the action, i.e. the dental malpractice; (3) the disposition of the dental case does not impair or impede the petitioner's ability to recoup his expert fees; and (4) the petitioner has adequate representation. A petition as a matter of right

must be denied even where one requirement is not met. Here, the petitioner cannot meet any of them. The petition to intervene must be denied.

### E.
### THE PETITIONER CANNOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION

Furthermore, the petitioner cannot meet the requirements of permissive intervention. As previously set forth, permissive intervention is wholly discretionary and is permitted only upon timely application and "when an applicant's claim or defense and the main action have a question of law or fact in common." *Sokaogon*, 214 F.3d 941, 949 (7th Cir. 2000).

Again, the petition is untimely because it was filed four (4) months after the Notice of Appeal was filed and six (6) months after the deposition at issue.

In addition, permissive intervention must fail because the petitioner does not have a claim or defense which shares a common question of law or fact with the main action at issue. The *only* issue the petitioner seeks to protect is his desire to be paid for his deposition testimony; that claim has absolutely no common question of law or fact with the underlying dental deliberate indifference case.

Therefore, because the petition to intervene is untimely and because the petition lacks a common question of law or fact with the main action, the Petitioner should not be permitted to permissively intervene on the pending appeal.

### F.
### CONCLUSION

The petition to intervene should be denied. The District Court lacks jurisdiction to rule on this petition because the Plaintiff has filed a notice of appeal. Furthermore, Schiff Hardin and Weldon-Linne & Vogt orally agreed to pay the costs associated with their own respective experts and Weldon-Linne & Vogt performed this agreement and paid their expert. Weldon-Linne &

Vogt cannot be required to pay the fees associated with both experts. Further, neither intervention as a matter of right nor permissive intervention are proper in this case.

Weldon-Linne & Vogt is requesting this Court to deny this petition or, in the alternative, to order Schiff Hardin to pay the defense expert's fee of $5,970.00. To make matters easier for Schiff Hardin, this Court can order Schiff Hardin to pay their expert $4,300.00 and submit a check to Weldon-Linne & Vogt for the difference in cost between Schiff Hardin's expert and Weldon-Linne & Vogt's expert in the amount of $1,670.00.

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By:_/s/ Robert P. Vogt__
    Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 S. Clark, Suite 2050
Chicago, Illinois 60603
(312) 236-5151
Appeal 2015/Response to Motion to Intervene

140-1524                    RPV/ELB                        #6191112

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINIOS

| | |
|---|---|
| RICHARD M. SMEGO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No.: 08-3142 |
| ) | Judge Myerscough |
| ) | |
| DR. JACQUELINE MITCHELL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### CERTIFICATE OF SERVICE

I, Robert P. Vogt, certify that on **August 17, 2015**, I electronically filed **Defendant's Response to Dr. Jay Shulman's Petition to Intervene to Compel Compliance with Rule 26(b)(4)(E),** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

- **Kenneth N Flaxman**
  knf@kenlaw.com,kflaxman@gmail.com

and hereby certify that on **August 17, 2015,** I mailed by United States Postal Service, the document(s) to the following non-registered participant(s):

Richard Smego
RUSHVILLE
17019 County Farm Road
Rushville, IL  62681

Respectfully Submitted,

**WELDON-LINNE & VOGT**

By: /s/ Robert P. Vogt
        Robert P. Vogt

**WELDON-LINNE & VOGT**
Attorneys for Defendant
20 South Clark Street
Suite 2050
Chicago, Illinois 60603
(312) 236-5151