IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SMEGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-cv-3142 |
| v. ) | |
| ) | Hon. Sue E. Myerscough |
| DR. JACQUELINE MITCHELL, ) | |
| ) | |
| Defendant. ) | |

**RESPONSE IN SUPPORT OF PETITIONER
DR. JAY SHULMAN'S PETITION TO INTERVENE TO COMPEL
COMPLIANCE WITH RULE 26(b)(4)(E)**

Plaintiff Richard Smego's court-appointed and discharged *pro bono* counsel, Brian O. Watson of Schiff Hardin LLP, requests leave to file this response in support of petitioner Dr. Jay Shulman's Petition to Intervene to Compel Compliance with Rule 26(b)(4)(E) (ECF No. 377) and Motion to Order Response by Plaintiff's Former Counsel (ECF No. 379).

**Introduction**

Dr. Shulman's petition shows why defendant should pay his reasonable $4,300 fee for the time spent in responding to discovery under Rule 26(b)(4)(E). In response, the defendant levies allegations against plaintiff's former *pro bono* counsel, Schiff Hardin LLP, claiming that "the attorneys orally agreed that each would pay their own expert's fees" during a February 13, 2015 deposition. Those allegations are factually inaccurate and contradicted by the record.

Plaintiff's counsel *never* agreed that each side would pay its own expert's fees. And everything in this record—including the expert disclosure, invoices, deposition transcripts, trial testimony, correspondence, and counsel's own

affidavit—shows there was no such agreement. Indeed, plaintiff's counsel would not have made this agreement, which does not exist here, because requiring an indigent plaintiff to pay an expert's fees would create undue hardship under Rule 26(b)(4)(E). Dr. Shulman's Petition should be granted.

## Argument

Defendant offers two responses to Dr. Shulman's petition for costs: 1) a jurisdictional argument against Dr. Shulman, and 2) baseless allegations against plaintiff's former *pro bono* counsel. Neither is persuasive.

First, this Court has jurisdiction to rule on Dr. Shulman's petition. The district court retains jurisdiction over ancillary matters, such as fees and costs, even after a notice of appeal is filed. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1260 (7th Cir. 1994); *see Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995); *Farella v. Hockaday*, 304 F. Supp. 2d 1076, 1078 (C.D. Ill. 2004).[1] In fact, this Court previously ruled that it has jurisdiction over fees and costs. *See* Text Order, May 15, 2015.

Second, the defendant's allegations about any "agreement" are flat wrong because plaintiff's counsel did not agree—and would not have agreed—that each side would pay its own expert's fees. *See* Brian Watson Decl. ¶¶ 1-5, Sept. 4, 2015. Defendant offers nothing to support this alleged agreement, much less a stipulation with plaintiff's counsel under Rule 29. And contrary to her allegations, there was no agreement. *Id.* at ¶¶ 1-5.

---

[1] None of Defendant's cases involves jurisdiction to decide ancillary matters, such as costs, like this petition. Pl.'s Resp. 3-4.

Both counsel's declaration and a review of the record prove there was no agreement:

- Plaintiff's disclosure stated that, "Plaintiff Richard Smego will make the witness available for deposition, at Defendant's cost . . . pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)." *Id.* at ¶ 6, Ex. A.

- Defendant's counsel noticed and deposed Dr. Shulman pursuant to the Federal Rules of Civil Procedure, including Rule 26(b)(4)(E) and without exception. *Id.* at ¶ 7, Ex. B.

- Dr. Shulman invoiced defendant's counsel on February 1, the day after the deposition, and counsel received the invoice on February 2, the next business day. *Id.* at ¶ 8, Ex. C.

- Dr. Dovgan, defendant's expert, testified that he was billing defendant's counsel in the January 23 deposition. *Id.* at ¶ 9, Ex. D.

- Dr. Dovgan invoiced defendant's counsel for the January 23 deposition. *Id.* at ¶ 10, Ex. E.

- Dr. Dovgan testified in the February 13 deposition that defendant's counsel would pay him, although they hadn't paid at all. *Id.* at ¶ 11, Ex. F.

- Dr. Dovgan invoiced defendant's counsel for the February 13 deposition. *Id.* at ¶¶ 10, 11, Exs. E, F.

- Dr. Dovgan testified during trial that he expected defendant's counsel would pay him, although they hadn't paid him at all. Trial Tr., ECF No. 376.

- Dr. Shulman demanded payment repeatedly from defendant's counsel. ECF No. 377, at 7-11.

- Plaintiff's counsel denied repeatedly any agreement. ECF No. 377, at 10, 14.

Moreover, as plaintiff's counsel wrote on April 20, he would not have agreed because requiring an indigent plaintiff to pay expert's fees would create undue hardship under Rule 26(b)(4)(E). Brian Watson Decl. ¶¶ 12-13, Exs. G-

H; ECF No. 377, at 10. Courts do not require the party seeking discovery to pay the expert a reasonable fee when "manifest injustice would result." Fed. R. Civ. P. 26(b)(4)(E). And there is no question that "manifest injustice" exists when, as here, the party is indigent. *Reed v. Binder*, 165 F.R.D. 424, 427 (D.N.J. 1996) (refusing to shift costs); *Harris v. San Jose Mercury News, Inc.*, 235 F.R.D. 471, 473 (N.D. Cal. 2006) (same); *see also Plair v. E.J. Brach & Sons, Inc.*, 1995 WL 387789, at *2 (N.D. Ill. June 28, 1995) (same). The Advisory Committee Notes also explain that courts should protect "the interests of an indigent party" under Rule 26(b)(4)(E). *Reed*, 165 F.R.D. at 427 (quoting Fed. R. Civ. P. 26 Advisory Committee Notes).

This Court previously held that plaintiff is indigent and that imposing costs would be improper. Text Order, May 15, 2015. Indeed, as plaintiff's counsel previously wrote, there was never an agreement because requiring plaintiff to pay expert's fees would create undue hardship. ECF No. 377, at 10.[2] The defendant's unsupported allegations about any "agreement" are refuted by the law and the record.

For these reasons, Plaintiff Richard Smego's court-appointed and discharged *pro bono* counsel requests leave to file this response in support of petitioner Dr. Jay Shulman's Petition to Intervene to Compel Compliance with

---

[2] Moreover, this Court excluded Dr. Dovgan under *Daubert*, and ordered him to attend the second deposition. Order 1, ECF No. 339. To require a party to pay the costs of an expert "against whom the court had sustained a *Daubert* challenge is manifestly unjust." *Rogers v. Penland*, 232 F.R.D. 581, 583 (E.D. Tex. 2005).

Rule 26(b)(4)(E) (ECF No. 377) and Motion to Order Response by Plaintiff's Former Counsel (ECF No. 379).

Dated: September 4, 2015                Respectfully submitted,

/s/ Brian O. Watson
Brian O. Watson
SCHIFF HARDIN LLP
233 South Wacker Drive, Suite 6600
Chicago, Illinois 60606
Phone: (312) 258-5500
Fax: (312) 258-5600

**CERTIFICATE OF SERVICE**

The undersigned certifies on September 4, 2015, that all counsel of record have consented to electronic service and these papers were filed with the Clerk of the Court for the United States District Court for the Central District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/Brian O. Watson

46217-0000

CH2\17089370.3